## Taylor Appeal.

Argued May 10, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Robert T. McCracken,* of *Montgomery, McCracken, Walker & Rhoads,* with him *Edward Foulke,* for appellant.

*E. Russell Shockley,* with him *Paul P. Wisler* and *James H. Duff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1943:

This appeal involves the interpretation of Section 3 of the State Personal Property Tax Act of June 22, 1935, P. L. 414, as last amended and re-enacted by the Act of July 11, 1941, P. L. 361, 72 PS, Section 3244. Under this disputed section of the act a tax is levied on certain enumerated classes of personal property owned, held or possessed by a resident either in his own right or in some other capacity. It is provided, however, "That this section shall not apply to bank notes or notes discounted or negotiated by any bank or banking institution . . . , *nor to loans, shares of stock, or other securities held by bankers or brokers solely for trading purposes . . ."* The appellant, owner of certain stocks which were held by various brokers in accounts for trading purposes, contended that these securities were exempt from personal property tax assessment because of this proviso in the statute. The Department of Revenue denied appellant's contention and the court below, in affirming the Department's ruling, decided that the provision exempt-

ing securities held by brokers solely for trading purposes applied only to brokers and did not exempt the owners of securities so held from paying the tax upon them.

The decision of the court below was clearly correct. It was the apparent purpose of the Act to levy a uniform personal property tax on all stocks which are not taxed by means of a capital stock tax, franchise tax or in some other manner. It is conceded that the stocks assessed by the Commonwealth in the instant case are subject to the personal property tax unless they are exempt under the cited proviso. It would be a manifest perversion of legislative intent to grant tax exemption to the owner of this stock merely because the stock is held by brokers for trading purposes. The tax was levied on stock *owned, held, or possessed* by any resident whether or not the stock was owned, held, or possessed by such resident in his own right or in another capacity. Under this Section of the statute, it is clear that the tax would be assessable twice—first against the appelant as *owner* of the stock, and secondly, against the broker as its holder or possessor. It was obviously to prevent such double taxation upon the same stock that the legislature inserted an exemption provision for shares *held* by brokers for trading purposes.

The provision, in granting exemption on securities *held* by brokers, did not mention *ownership*. Since it is in derogation of the general taxing clause of the statute which levies a tax on property *"owned, held or possessed"*, it must be strictly construed. *Montgomery* v. *Martin,* 294 Pa. 25, 32; *Lancaster* v. *Public Service Commission,* 120 Pa. Superior Ct. 597, 602. If the legislature had intended that the ownership of stocks held for trading was to be tax exempt, it would have so stated. We do not comprehend that the stock ceases to be taxable merely by its delivery for trading purposes from principal to agent.

The decree of the court below is affirmed; costs to be paid by appellant.