## Commonwealth, Appellant, *v.* Monessen Amusement Company, Inc.

Argued Jan. 4, 1945. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

reargument refused May 4, 1945.

*B. B. Bastian,* Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellant.

*Ralph E. Evans,* with him *McNees, Wallace & Nurick, Robert A. Smith* and *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 9, 1945:

The question involved in this appeal is whether the refusal of the State taxing authorities to permit a foreign corporation to deduct from the value of its capital stock, for franchise tax purposes, the value of shares of a Pennsylvania corporation owned by the foreign corporation results in double taxation and in unconstitutional discrimination.

Appellee is a corporation formed under the laws of the State of Delaware, having its principal office and place of business in Greensburg, Pennsylvania. In the tax year 1938, appellee owned 50% of the shares of the Indiana County Theatres Company, a Pennsylvania corporation, which in the same year paid a capital stock tax to the Commonwealth. In the settlement of appellee's franchise tax the Commonwealth refused to permit the value of the shares of the Theatres Company to be deducted from the capital stock value of appellee for the purpose of measuring the franchise tax.

On appeal to the court below, it was held that the Franchise Tax Act (Act of June 1, 1889, P. L. 420, as amended by the Act of May 16, 1935, P. L. 184, and the

Act of April 8, 1937, P. L. 239, 72 PS section 1871) must be construed to require the deduction from the value of the capital stock of a foreign corporation of the value of shares owned by it in a domestic corporation in order that double taxation upon these shares be avoided. The court relied upon the familiar principle that the presumption of law is against double taxation and that no statute should be construed to effect double taxation unless it clearly so provides. The Commonwealth has taken this appeal.

While we concede that the settled policy of the Commonwealth is against double taxation (*Arrott's Estate*, 322 Pa. 367, 185 A. 697; *Commonwealth v. Shenango Furnace Company*, 268 Pa. 283, 110 A. 721), we are unable to see how the Act in question and its application to appellee by the taxing authorities effects double taxation.

We had occasion in the cases of *Commonwealth v. Ford Motor Company*, 350 Pa. 236, 38 A. 2d 329, and *Commonwealth v. Quaker Oats Company*, 350 Pa. 253, 38 A. 2d 325, to discuss at some length the nature and incidence of the franchise tax on foreign corporations. We need not repeat what was there said concerning the fundamental difference between a franchise tax and a property tax. Appellee's contention in the present case and the decision of the court below are both rested on the false assumption that the franchise tax, in some way, is a tax upon the *property* of the corporation which is used as a measure for the tax. Despite the decision of this Court in *Commonwealth v. Columbia Gas and Electric Corporation*, 336 Pa. 209, 8 A. 2d 404, which clearly enunciated the principle of the franchise tax, the court below and appellant have placed their reliance upon the language of this Court in *Arrott's Estate*, supra, in which we held that, *within the meaning of the personal property tax exemptions*, there was a certain equivalence between the capital stock tax on domestic corporations and the franchise tax upon foreign corporations. As we have had frequent occasion to state, the

decision in the *Arrott* case turned entirely upon the construction of the Four Mill County Tax Act and the One Mill State Tax Act, and we found that it was within the *spirit* and *purpose* of the exemption provisions in those acts to treat the capital stock of foreign corporations and the capital stock of domestic corporations in the same category. That decision has no other possible implication or extension. In *Commonwealth v. Columbia Gas and Electric Corporation,* supra, Mr. Chief Justice KEPHART stated at page 218: "The basic problem in that case [*Arrott's Estate*] was not the *nature* of the tax imposed on foreign corporations by the 1935 Act, but rather the problem of the exemption from personal property tax of the shares of stock in such foreign corporations." The same observation was made in *Girard Trust Company, Trustee's Appeal,* 333 Pa. 129, 136, 3 A. 2d 252. It seems abundantly apparent from those decisions and from the subsequent decisions of this Court in *Commonwealth v. The Mundy Corporation,* 346 Pa. 482, 30 A. 2d 878; *Commonwealth v. Ford Motor Company* and *Commonwealth v. Quaker Oats Company,* both supra, that the effect in the *Arrott* case must be limited to its holding.

Arrott's Estate* was thoroughly discussed in *Commonwealth v. Union Trust Company of Pittsburgh,* 345 Pa. 298, 27 A. 2d 15, which involved the Pennsylvania tax on shares, and Mr. Justice HORACE STERN pointed out that there was no conflict between that decision and the decisions of this Court construing the nature and incidence of the franchise tax on foreign corporations.

As we stated in *Commonwealth v. Ford Motor Company,* supra, the franchise tax is not a tax upon the property of the corporation, but upon the doing of business in this Commonwealth. There is, therefore, no resulting double taxation simply because the shares of a domestic corporation which has paid the capital stock tax, a property tax, are included in the computation of the value of the Pennsylvania franchise of a foreign corporation. Double taxation cannot exist where the subject matter of taxation in two acts is not the same.

See *Commonwealth v. Harrisburg Light & Power Co.*, 284 Pa. 175, 130 A. 412; *Commonwealth v. Globe Furnishing Company*, 324 Pa. 180, 188 A. 170; *Commonwealth v. Bailey, Banks & Biddle Company*, 20 Pa. Superior Ct. 210; *Philadelphia v. Heinel Motors, Inc.*, 142 Pa. Superior Ct. 493, 16 A. 2d 761; *Ohio Tax Cases*, 232 U. S. 576, 593.

There is no merit in appellee's further contention that the Franchise Tax Act discriminates against foreign corporations and in favor of domestic corporations because the latter are permitted an exemption under the Capital Stock Tax Act to the extent of the value of shares held in another domestic corporation whereas a similar deduction is not permitted to foreign corporations in computing the value of their capital stock for the determination of the base of the franchise tax. Appellee points out that if it were a domestic corporation subject to the capital stock tax, its tax burden would be much lower by reason of the exemption of such domestic shares. This argument, of course, has no validity. It is not necessary that the tax imposed upon foreign and domestic corporations be identical to avoid unconstitutional discrimination. A state may differentiate in its *method* of taxing foreign and domestic corporations and may use different incidence and base. What individual differences may result from the selection of different methods of taxation are not in themselves proof of discrimination. "Such differences as result, result not from an intention of the legislature to discriminate against foreign corporations, but from the divergent natures of the taxes imposed on the two classes": *Commonwealth v. Ford Motor Company*, supra, at pages 250-251. See also *Commonwealth v. Quaker Oats Company*, supra.

The contention that the Franchise Tax Act results in the impairment of the contract of this corporation with the Commonwealth rests upon the same fallacious reasoning advanced by the appellants in the two cases last cited, and in view of the preceding discussion requires no additional comment.

The judgment of the court below is reversed and here entered upon the whole record in favor of the Commonwealth.