## Commonwealth *v.* Shenango Furnace Company, Appellant.

Argued May 26, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John Y. Scott,* for appellant.

*David Fuss,* Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General and *Carl F. Chronister,* for appellee.

OPINION BY MR. JUSTICE JONES, June 24, 1949:

The question raised on this appeal is the converse of the question decided in *Commonwealth v. Monessen Amusement Company, Inc.,* 352 Pa. 120, 42 A. 2d 158. There, a foreign corporation, subject to the Pennsylvania corporate franchise tax, contended that to include in the value of its capital stock, for the purpose of settling the franchise tax, its investment in shares of stock of a domestic corporation, liable for the Pennsylvania capital stock tax, constituted double taxation contrary to the legislative intent as well as the legal presumption in the circumstances. In speaking for this Court in that case, Mr. Justice STEARNE, after pointing out the plain distinction between Pennsylvania's capital stock tax and its corporate franchise tax, held that double taxation did not result in the *Monessen* case, observing in relevant connection (p. 123) that "Double taxation

cannot exist where the subject matter of taxation in two acts is not the same [citing cases]."

In the instant case, the defendant, a domestic corporation, owned in the tax year involved shares of stock (less than a majority) of a foreign corporation which, doing business in Pennsylvania and employing property there, was subject to the Pennsylvania corporate franchise tax. The present defendant similarly contends that, to include in the value of its capital stock, in settling the capital stock tax, its investment in the shares of the taxable foreign corporation works double taxation contrary to the intent of the legislature. The learned court below, in expressed reliance upon the decision by the same court in *Commonwealth of Pennsylvania v. Elk Refining Company,* 57 Dauphin Co. Rpts. 278 (1945)—a case on all fours with the present—rejected the defendant's contention and entered judgment for the Commonwealth.[1] This appeal by the defendant followed.

As in the *Monessen* case, supra, the appellant bottoms its argument on the decision in *Arrott's Estate,* 322 Pa. 367, 185 A. 697, where a certain equivalence between the capital stock tax on domestic corporations and the franchise tax on foreign corporations was recognized. What the appellant overlooks, however, is that the equivalence, so noted, was of importance in *Arrott's Estate* to the construction of the express exemption provisions of the four mill county tax Act of June 17, 1913, P. L. 507, and the State Personal Property Tax Act of June 22, 1935, P. L. 414, there involved. No such question arises here under either of the statutes with which this case is concerned, viz., the capital stock tax

---

[1] The judgment entered for the Commonwealth was for the amount of the Attorney General's commission on the basis of the tax actually in controversy, the action below having arisen on an appeal by the defendant company from the refusal by the Board of Finance and Revenue of the defendant's cognate claim for refund.

494

Act of June 1, 1889, P. L. 420, and the franchise tax Act of May 16, 1935, P. L. 184. The questions of express exemption and of alleged double taxation are without presently material bearing upon one another, as the *Monessen* case distinguishment of *Arrott's Estate* clearly reveals.

The facts of the instant case are materially identical with the facts in *Commonwealth v. Elk Refining Company*, supra, where the late President Judge HARGEST of the Court of Common Pleas of Dauphin County said that the question involved (which was the same as the present) was "settled by the case of Commonwealth v. Monessen Amusement Co., 352 Pa. 120, . . ." and "is no longer an open question." The learned judge was right in both particulars. The principles pertinent to the decision in the *Monessen* case logically apply with equal force to the facts of this case just as they did in the *Elk Refining Company* case; and the question is, therefore, no longer an open one.

Judgment affirmed.