366 A.2d 569

**COMMONWEALTH of Pennsylvania**

**v.**

**GREENVILLE STEEL CAR COMPANY, Appellant.**

Supreme Court of Pennsylvania.
Argued May 3, 1976.
Decided July 6, 1976.
Rehearing Denied Aug. 17, 1976.

Reed, Smith, Shaw & McClay, Carl F. Chronister, Harrisburg, for appellant.

Eugene J. Anastasio, Deputy Atty. Gen., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

ROBERTS, Justice.

Appellant Greenville Steel Car Company is a Pennsylvania corporation which manufactures, sells and leases railroad cars and earth moving equipment. Appellant elected to be treated as a foreign corporation for purposes of paying the capital stock tax for the taxable year ending December 31, 1971. See § 602(a) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, art. VI, § 602(a) as amended, 72 P.S. § 7602(a) (Supp.1975).

The election provision provides:

> ". . . any domestic corporation . . . may elect to compute and pay its tax under and in accordance with the provisions of subsection (b) of this section 602 . . . ."

Subsection (b) of section 602, which then becomes applicable to the domestic corporation, provides in relevant part:

> "The actual value of [the corporation's] whole capital stock shall be ascertained in the manner prescribed in section 601 of this article. The taxable value shall then be determined by employing the relevant apportionment factors set forth in Article IV."

The controversy in this case concerns appellant's determination of the taxable value of its capital stock by employing "the relevant apportionment factors . . . in Article IV." [1]

1. See Act of March 4, 1971, P.L. 6, art. IV, § 401(3)2.(a)(2), 72 P.S. § 7401(3)2.(a)(2) (Supp.1975); Id., § 401(3)2.(a)(3), 72 P.S. § 7401(3)2.(a)(3) (Supp.1975).

Article VI of the Tax Reform Code which allows the domestic corporation to be treated as a foreign corporation in computing its capital stock tax, does not state the method by which the electing corporation determines its taxable value through the use of apportionment factors. Article VI refers back to and incorporates the apportionment factors set out in Article IV of the Tax Code.

Subsection 2(a)(2) of Article IV of the Tax Code provides:

> "Any taxpayer having income from business activity which is taxable both within and without this State . . . shall allocate and apportion his net income as provided in this definition."

Subsection 2(a)(3) provides:

> "For purposes of allocation and apportionment of income under this definition, a taxpayer is taxable in another state if in that state he is subject to a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business, or a corporate stock tax, or that state has jurisdiction to subject the taxpayer to a net income tax regardless of whether, in fact, the state does or does not." [2]

The stipulated facts indicate that during the taxable period appellant sold and leased its products within and without the state. Appellant was not assessed with a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business, or a corporate stock tax by any other state for the year 1971.

2. This statutory scheme permits the taxpayer to apportion and allocate total business to fairly reflect the volume attributable to Pennsylvania. The tax is then levied only upon the amount attributable to Pennsylvania. As to foreign corporations the apportionment and allocation is constitutionally required because the Commonwealth may not tax assets of foreign corporations beyond its jurisdiction. See, e. g., *Commonwealth v. The Mundy Corp.*, 346 Pa. 382, 30 A.2d 878 (1943); *Union Refrigerator Transit Co. v. Commonwealth of Kentucky*, 199 U.S. 194, 26 S.Ct. 36, 50 L.Ed. 150 (1905). As to domestic corporations, however, the ability to allocate and apportion is a matter of legislative grace similar to a deduction. The legislative grant is not constitutionally compelled.

Appellant did, however, pay various ad valorem, property and utility taxes in other states.

In computing its tax appellant used the apportionment factors in Article IV to reduce its tax liability.[3] The Commonwealth determined that appellant was not entitled to use the three factor apportionment formula of Article IV and settled the tax at a higher amount employing only a single tangible assets fraction.[4] The Board of Finance and Revenue refused appellant's petition for review of the settlement. The Commonwealth Court affirmed in an opinion by Judge Crumlish. President

3. Appellant apportioned the actual value of the capital stock using the factors enumerated in subsection 2(a)(9) through 2(a)(17) to obtain taxable value, as follows:

(a) $\dfrac{\text{average value of tangible property in Pennsylvania}}{\text{average value of all tangible property}}$ $\dfrac{21{,}209{,}818}{49{,}490{,}140}$ equals .428566

plus

(b) $\dfrac{\text{wages, salaries, etc. as assignable to Pennsylvania}}{\text{total wages, salaries, etc.}}$ $\dfrac{9{,}018{,}583}{9{,}018{,}583}$ equals 1.000000

plus

(c) $\dfrac{\text{sales assignable to Pennsylvania}}{\text{total sales everywhere}}$ $\dfrac{3{,}780{,}225}{55{,}519{,}729}$ equals .068088

total 1.496654

$$\text{apportionment factor} = \frac{\text{total}}{3} = \frac{1.496654}{3} = .498885$$

The tax was then computed as follows:

| actual value of capital stock | × | apportionment factor | × | rate of tax | = tax due |
|---|---|---|---|---|---|
| 15,000,000 | × | .498885 | × | .010 | = $74,832.75 |

4. The Department's resettlement used a single taxable assets fraction in computing the tax as follows:

| actual value of capital stock | × | taxable assets fraction | × | rate of tax | = tax due |
|---|---|---|---|---|---|
| 15,000,000 | × | $\frac{25{,}422{,}668}{44{,}159{,}179}$ | × | .010 | = $86,355.75 |

Judge Bowman and Judge Mencer dissented. We affirm.[5]

The Commonwealth refused to allow appellant to apportion its capital stock value using the three factor formula, because the Commonwealth contends there is a condition precedent to being allowed to apportion. The conditions, stated in subsection 2(a)(2)—that the taxpayer have "income from business activity which is taxable both within and without this State"—was not met. The Commonwealth Court agreed, stating:

> "We agree with the Commonwealth that these provisions establish a condition precedent to allocation and apportionment for both corporate net income and franchise tax purposes. As previously stated, the stipulation entered into merely states that appellant was not 'assessed' with any of the taxes enumerated in [subsection 2(a)(3)] by any other state for the year in question. The test of [subsection 2(a)(3)], however, is the taxpayer's potential liability for such taxes in another state, i. e., whether the foreign 'state has jurisdiction to *subject* the taxpayer' to such taxes. The possible distinction between actual assessment and tax liability is not raised here, but in any case, we believe the burden would be on the taxpayer to allege and prove that it was subject to the foreign taxes enumerated in [subsection 2(a)(3)] before it can employ the apportionment factors in determining taxable value. As appellant has not established that here, we must conclude that it was limited to the single taxable assets fraction applied by the Department."

Appellant does not argue that it did, in fact, establish that it was subject to the foreign taxes enumerated in subsection 2(a)(3). It argues that subsection 2(a)(2), as defined by subsection 2(a)(3), does not create a con-

5. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1975).

dition precedent to application of the apportionment factors. It apparently concedes that if those subsections are construed as a sine qua non to use of the apportionment factors it cannot establish its entitlement to the apportionment formulae.[6]

Appellant argues that, since the enactment in 1968 of the provision allowing domestic corporations to elect to be taxed as foreign corporations, the electing corporations have had the unqualified right to employ the three factor apportionment formula. Appellant contends that the Legislature, when it enacted the Tax Reform Code of 1971, did not intend that the language in Article IV governing apportionment be construed to include any condition precedent to application of the three factor apportionment formula.

Appellant relies on *Commonwealth v. Rieck Investment Corporation,* 419 Pa. 52, 213 A.2d 277 (1965). In that case a Delaware Corporation conducted business only in Pennsylvania. The corporation owned two vacant lots in Florida although it had no certificate of authority to conduct business there. In computing its franchise tax under the former Franchise Tax Act, the corporation used the value of the two Florida lots to apportion its tax. The inclusion of the value of the lots in the denominator of the apportionment fraction resulted in a reduction of the tax amounting to almost $8,000.

The Commonwealth argued that the implicit legislative intent was that the apportionment formula is available for use only by a foreign corporation which, in addition to "doing business" in Pennsylvania, is actually engaged in "doing business" in a state or states other than Penn-

6. Appellant, in its brief, states:
"The sole issue before this Court is whether the language in subsection 602(b) permits appellant to use the relevant apportionment factors in Article IV in determining its 1971 tax—a year in which it was transacting business both within and without Pennsylvania, *but did not have* '. . . *income from business activity which is taxable both within and without this state* . . . .'" (Emphasis added).

sylvania. This Court held that, although the Commonwealth's position may have been more sound in policy and totally consistent with the reasons for allowing apportionment, the Legislature in the former Franchise Tax Act included no such prerequisite and the Court was not free to impose one. We stated:

> "In theory we may agree with the Commonwealth that the use of the apportionment formula *should be* subject to the restriction which it urges and we are fully aware that, by the lack of such restriction in the statute, a foreign corporation by the subterfuge of title ownership of tangible property in another jurisdiction may effect a considerable reduction in its tax liability in Pennsylvania.
>
> "However, if the plain language of the statute provides no such restriction, it is not for the courts to add such a restriction but a matter for legislative action."

419 Pa. at 61, 213 A.2d at 282.

In enacting the Tax Reform Code of 1971, the Legislature acted to correct the inequity this Court discussed in *Rieck*. The changes in the Tax Reform Code of 1971, considered against the reasons for allowing apportionment as discussed in *Rieck* indicate that the Legislature intended to create a condition precedent to use of the three factor apportionment formula, i. e., the electing corporation must show that it is "taxable" in another state as required by subsection 2(a)(2) and defined in subsection 2(a)(3).

As applied to a domestic corporation electing to be treated as a foreign corporation the use of the three factor apportionment formula is a legislative grant by which the taxpayer can reduce its tax liability. Use of the formula is in the nature of an exemption or deduction and, as such, must be strictly construed. See *Taylor Appeal*, 347 Pa. 311, 313, 32 A.2d 406, 407 (1943); *Montgomery v. Martin*, 294 Pa. 25, 32, 143 A. 505, 507 (1928).

We conclude that the requirements of subsection 2(a)(2) and 2(a)(3) of Article IV of the tax code are intended to be a condition precedent to use of the three factor apportionment formula stated in that article. Because appellant has not established it is "taxable in another state" under those subsections, it is not entitled to use the apportionment formulae to reduce its tax base.[7]

Judgment of the Commonwealth Court affirmed.

7. Appellant contends that this construction of the capital stock tax would be unconstitutional if applied to foreign corporations "because state taxation cannot reach income or property derived from business activities conducted by foreign corporations outside the state's border and over which the state has no jurisdiction." Without expressing any view of the merit of this argument if raised by a foreign corporation, we note that as a domestic corporation appellant has no standing to contend that the act would be unconstitutional if applied to others. "[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground . . . it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." *United States v. Raines*, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960).