## Tax on Foreign Corporations

GORNISH, *Acting Attorney General*, ANAS-TASIO, *Deputy Attorney General*, YAKOWICZ, *Solicitor General*, June 21, 1978—The Corporation Tax Bureau of the Department of Revenue has requested an opinion regarding three corporate tax issues relative to the granting of the manufacturing exemption to certain corporations. Since the date of the request, several other questions have arisen and proposed regulations have been drafted. This opinion will discuss all of the issues raised.

Section 602(b) of the Tax Reform Code of March 4, 1971, P.L. 6, as amended, 72 P.S. §7602(b) (hereinafter "TRC"), provides for the imposition of the franchise tax on foreign corporations. This section states in relevant part as follows: " . . . The actual value of its whole capital stock of all kinds, including common, special, and preferred, shall be ascertained in the manner prescribed in section 601

of this article. *The taxable value shall then be determined by employing the relevant apportionment factors set forth in Article IV . . .* "

The underlined language above was the phrase that the Commonwealth and Supreme courts construed in the case of Com. v. Greenville Steel Car Company, 469 Pa. 444, 366 A. 2d 569 (1976). Although the Greenville Steel Car case involved a domestic corporation, section 602(a) of the TRC, 72 P.S. §7602(a) (imposition of capital stock tax on domestic corporations), provides "that any domestic corporation . . . may elect to compute and pay its tax under and in accordance with the provisions of subsection (b) of this section 602 . . . " (i.e., as quoted above).

The Commonwealth Court stated, 20 Pa. Commonwealth Ct. 385, 389, 343 A. 2d 79 (1976):

"As the above statutory provisions indicate, Article VI of the Code, imposing a capital stock-franchise tax, does not establish an independent apportionment formula as under the prior law, but rather incorporates by reference the apportionment formulas utilized in computing the corporate net income tax under Article IV of the Code (sections 401 et seq., 72 P.S. §7401 et seq.). Under section 401(3), defining 'taxable income,' three methods of determining taxable base are delineated, the utilization of which is dependent upon whether the corporation taxed 1) transacts business entirely within the state [§401(3)1.]; 2) transacts business within and without the state [§401.(3)2.]; or 3) is a regulated investment company which transacts business within and without the state [401(3)3.]."

The court held that the taxpayer in Greenville fell into the second category. The court then went on to

hold that even though the taxpayer did transact business within and without the Commonwealth, it did not meet the other condition precedent to the use of the three factor apportionment formula (i.e., have "income from business activity which is taxable both within and without this State"). Therefore, if a taxpayer that meets one of the two conditions precedent is not allowed to use the three factor formula, clearly a taxpayer that meets neither of the tests would not qualify to use said three factor formula.

There is no differentiation in the statute or the court opinion between a domestic or foreign corporation regarding this point. As a matter of fact, the Commonwealth Court specifically stated that:

" . . . The express language of the Code now requires that a foreign corporation be transacting business within and without the Commonwealth and have income from that activity taxable by another state before it may apportion the value of its capital stock. As Appellant has failed to satisfy the latter condition, apportionment was not available to it in determining its franchise tax."

Although the Pennsylvania Supreme Court did not specifically state that the condition precedent applied to foreign corporations, it is clear for several reasons that it agreed.

First of all, the taxpayer's counsel made a constitutional argument concerning the effect of this interpretation on a foreign corporation. The Supreme Court noted this argument in a footnote and stated that the instant taxpayer could not raise the unconstitutionality of an act as applied to another taxpayer.

The Supreme Court also specifically held that the legislature in enacting the TRC corrected the inequity that had arisen in the case of Com. v. Rieck Investment Corporation, 419 Pa. 52, 213 A. 2d 277 (1965). That case involved a *foreign* corporation. Therefore, there should be no question that the conditions precedent to utilizing the three factor apportionment apply to both foreign and domestic corporations.

With the above background material in mind, we reach the specific questions involved. These questions basically revolve around the central question of how a corporation not transacting business or taxable outside Pennsylvania is to be granted the manufacturing exemption. The Greenville Steel Car case involved a year (1971) when the manufacturing exemption was not in effect. The Act of August 31, 1971, P.L. 362, 72 P.S. §7602, amended sections 602(a) and (b) to read as follows (the amendment is italicized):

"Imposition of tax.—(a) That every domestic corporation other than corporations of the first class, non-profit corporations, and cooperative agricultural associations not having capital stock and not conducted for profit, and every joint-stock association, limited partnership, and company whatsoever, from which a report is required under section 601 hereof, shall be subject to, and pay into the treasury of the Commonwealth annually, through the Department of Revenue, a tax at the rate of ten mills, upon each dollar of the actual value of its whole capital stock of all kinds, including common, special, and preferred, as ascertained in the manner prescribed in section 601, for the calendar year

1971 and the fiscal year beginning in 1971 and each year thereafter, except that any domestic corporation, limited partnership, joint-stock association or company subject to the tax prescribed herein may elect to compute and pay its tax under and in accordance with the provisions of subsection (b) of this section 602: *Provided, That the provisions of this section shall not apply to the taxation of the capital stock of corporations, limited partnerships and joint-stock associations organized for manufacturing, processing, research or development purposes, which is invested in and actually exclusively employed in carrying on manufacturing, processing, research or development within the State, but every corporation, limited partnership or joint-stock association organized for the purpose of manufacturing, processing, research or development shall pay the State tax of ten mills herein provided, upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to the manufacturing, processing, research or development business, in addition to the local taxes assessed upon its property in the district where located, it being the object of this proviso to relieve from State taxation only so much of the capital stock as is invested purely in the manufacturing, processing, research or development plant and business."*

The amendment to section 602(a) in conjunction with the Act of June 22, 1931, P.L. 685, as amended, 72 P.S. §1896, clearly allows a domestic corporation to use the single fraction for purposes of claiming the manufacturing exemption. The only authority a domestic corporation would have for utilizing the three factor formula is the phrase in section 602(a)

that " . . . any domestic corporation . . . may elect to compute and pay its tax under and in accordance with the provisions of subsection (b) of this section 602 . . . " Therefore, we are again faced with the situation wherein the test for entitlement to the three fraction apportionment formula is the same for both domestic and foreign corporations.

The manufacturing exemption is an exemption from actual value to arrive at taxable value. The statute clearly provides that taxable value shall be determined by employing the *relevant apportionment factors*. To make it clear that this phrase also covers the manufacturing exemption, the statute (as amended) goes on to provide " . . . the manufacturing . . . exemptions . . . shall also apply to foreign corporations and in determining the *relevent apportionment* factors . . . " By using this same phrase again, the legislature has made its intention clear that the manufacturing exemption is applied via whatever the relevant apportionment factors happen to be in the case at hand. The second part of this sentence which provides: " . . . in determining the relevant apportionment factors the numerator of the property, payroll, or sales factors shall not include any property payroll or sales attributable to manufacturing, processing, research or development activities in the Commonwealth," is not independent authority for the use of the three factor apportionment in every case. It is simply a direction on how to grant the manufacturing exemption if the three factor apportionment formula is the relevant formula. Without this language, it would have been unclear how to grant the manufacturing exemption in the case where the taxpayer is entitled to the three factor apportionment formula.

Thus, if a foreign manufacturing corporation does 100 percent of its business in Pennsylvania and is not taxable outside of Pennsylvania, it is not entitled to use the three factor apportionment. However, the taxpayer would be entitled to use the single fraction for manufacturing exemption purposes, that domestic corporations are entitled to. The basis for this conclusion is twofold. The first is the statute itself which provides in pertinent part: " . . . the manufacturing . . . exemption *as contained under section 602(a) shall also apply* to foreign corporations . . . " The manufacturing exemption in 602(a) provides that a corporation is only taxed " . . . upon such proportion of its capital stock . . . as may be invested in any property or business not strictly incident or appurtenant to the manufacturing . . . business." This clause read in conjunction with the Act of June 22, 1931, P.L. 685, as amended, 72 P.S. §1896, provides a clear method of granting the manufacturing exemption for both domestic and foreign corporations.

Secondly, such a construction of the statute is constitutionally required. As the Pennsylvania Supreme Court stated in the case of Columbia Gas Transmission Corp. v. Com., 468 Pa. 145, 360 A. 2d 592 (1976): "Classifications based solely on place of incorporation, without any further justification, cannot stand constitutional scrutiny [citations omitted]." If the Commonwealth were to allow the manufacturing exemption to a domestic corporation transacting 100 percent of its business within the Commonwealth and not taxable without the Commonwealth, but not allow it to an identical corporation solely on the basis that it is incorporated in a foreign state, such construction would

clearly violate the Uniformity Clause of the Pennsylvania Constitution. Section 1922(3) of the Statutory Construction Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1922, requires that a statute be construed to preserve its constitutionality.

It is our opinion and you are so advised as follows:

1. A foreign manufacturing corporation transacting all of its business in Pennsylvania must use a single assets fraction to obtain the benefits of the statutory manufacturing exemption.

2. A foreign corporation entitled to use the three factor formula, may not elect to use the single assets fraction.

3. Intangible assets of a foreign corporation are properly includible in the numerator of the single assets fraction if such assets have acquired a business situs within the Commonwealth.