Gilbert Associates, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued June 4, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR. Judge MENCER did not participate.

*Harry J. Rubin*, with him *Donald D. Geyer, Krekstein Rubin and Lasday*, for petitioner.

*Vincent J. Dopko*, Deputy Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 21, 1980:

Gilbert Associates, Inc., a Delaware Corporation authorized to do business in Pennsylvania, has appealed the settlement by the Board of Finance and Revenue of its franchise tax for the year ending December 31, 1974.

Gilbert and the Commonwealth have stipulated the facts and we adopt those findings as our own. Those necessary to be here recorded follow.

From the date of enactment of the Tax Reform Code of 1971[1] to the present date, the taxing departments of the Commonwealth of Pennsylvania, as provided in §602(a) of the Tax Reform Code, 72 P.S. §7602(a), have allowed a domestic corporation subject to the Capital Stock Tax to compute its taxable value by using either the single factor property apportionment formula as provided in the Act of June 22, 1931, P.L. 685, 72 P.S. §1896 or if it has income from business activity which is taxable within and without Pennsylvania, by using the three factor apportionment formula found at Subsection (a)(9) to (18) of Section 401(3) 2 of the Tax Reform Code, 72 P.S. §7401(3) 2.(a)(9) to (18), as the corporation elects.

From the date of enactment of the Tax Reform Code of 1971 to the present date, the taxing departments of the Commonwealth of Pennsylvania have required a foreign ·corporation subject to the Franchise Tax to compute such tax by using only the three factor apportionment formula.

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7101 et seq.

Gilbert Associates, Inc. is a corporation organized and existing under the laws of the State of Delaware. It is duly authorized to do business in Pennsylvania. Its principal office is located in Reading, Pennsylvania. It is engaged in the business of providing engineering, consulting and construction management services, but is not engaged in manufacturing. It does business in states other than Pennsylvania and is entitled to use the statutory three factor apportionment formula in computing its taxable value.

Gilbert duly filed its Franchise Tax Report for the year ended December 31, 1974. In this report it computed tax of $287,145.60 by applying the three factor apportionment formula to a capital stock value of $30,000,000.[2]

By settlement made on August 4, 1976, the Department of Revenue and Department of the Auditor General computed Gilbert's Franchise Tax for the year ended December 31, 1974, in accordance with the report as filed.

The Auditor General accepted Gilbert's calculations and settled the tax at the amount reported. After paying the tax, Gilbert filed a petition for a refund with the Board of Finance and Revenue arguing that it should have been permitted to choose between the use of single

---

[2] Gilbert calculated its tax as follows:

| | | | |
|---|---|---|---|
| (1) | (A)Avg. value of tangible Prop. in Pa. | $14,328,687 = | .975437 |
| | (B)Avg. value of all tangible property | 14,688,481 | |
| (2) | (A)Wages, Salaries, etc. assignable to Pa. | $30,662,541 = | .971324 |
| | (B)Total Wages, Salaries, etc. | 31,567,775 | |
| (3) | (A)Sales assignable to Pa. | $52,442,170 = | .924695 |
| | (B)Total Sales Everywhere | 56,712,895 | |
| (4) | Total of Items 1, 2 and 3 — (Divide by Three) . . . . . . . . . . . . . | | 2.871456 |
| (5) | Apportionment Factor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | .957152 |
| (6) | $30,000,000 (Actual value) x .957152 = $28,714,560 (Taxable value) | | |
| (7) | $28,714,560 x 10 mills = $287,145.60 (Total Tax) | | |

factor apportionment formula or of the three factor formula in calculating the taxable value of its capital stock.

If Gilbert were a domestic corporation electing to use the single factor property apportionment fraction to compute its Capital Stock Tax, its Capital Stock Tax for the year ended December 31, 1974 would be computed as follows:

Apportionment Percentage $\frac{\$23,985,014}{\$48,610,329}$ = .493414

| | |
|---|---|
| Value of Capital Stock | $30,000,000.00 |
| Apportionment Percentage | .493414 |
| Taxable Value | $14,802,420.00 |
| Tax at 10 mills | $ 148,024.00 |

The sole question presented is whether Section 602 of the Code violates the uniformity clause of the Pennsylvania Constitution and the equal protection clause of the United States Constitution by allowing domestic corporations to calculate their capital stock tax by either the three factor formula of the Code or the single factor formula of the Act of 1931 while limiting foreign corporations to the use of the three factor formula in calculating their franchise tax.

Article 8, Section 1 of the Pennsylvania Constitution requires that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Neither this provision nor the equal protection clause of the Fourteenth Amendment to the United States Constitution prohibits the creation of distinct categories of taxes for different business entities; they require only that the Commonwealth have a reasonable basis for making such distinctions. *Commonwealth v. Life Assurance Company of Pennsylvania*, 419 Pa. 370, 214 A.2d 209 (1965). Furthermore, the party challenging a tax statute has the burden of showing that it clearly, palpably and plainly violates the constitution. *Id.*

As we have noted, the capital stock tax is a tax on the domestic corporation's property, while the franchise tax is on the privilege given the foreign corporation to conduct business in Pennsylvania. The Supreme Court has consistently held that it is reasonable to impose these different taxes on, respectively, domestic and foreign corporations and to require each to calculate its tax by the method required in the applicable statute. *See e.g., Commonwealth v. Monessen Amusement Corp.*, 352 Pa. 120, 42 A.2d 158 (1945); *Commonwealth v. Ford Motor Co.*, 350 Pa. 236, 38 A.2d 329 (1944), *appeal dismissed*, 324 U.S. 827 (1945); *Commonwealth v. Columbia Gas and Electric Corp.*, 336 Pa. 209, 8 A.2d 404 (1939). The Supreme Court explained the reason for the difference as follows:

Prior to [the Act of May 16, 1935, P.L. 184], foreign corporations doing business here were required to pay a capital stock tax, which, as a property tax, proved unsatisfactory and produced unfair results. As we stated in Arrott's Estate, 322 Pa. 367, 372, 185 A. 697, the Act of 1935, by changing the incidence of the foreign corporation tax, endeavored to achieve a more equitable measurement of taxation for this class of corporation. It accomplished this by imposing a franchise tax not upon capital stock but *measured* by capital stock. The tax base was determined, not by the allocation to Pennsylvania of an arbitrary percentage of the total capital stock of the corporation, but, through the use of a tripartite formula, by ascertaining, insofar as possible, the relation of the corporate activities in this State to the activities of the corporation everywhere. In [Commonwealth v. Columbia Gas and Electric Corp., 336 Pa. at 216, 8 A.2d at 409] we said: 'The tax base represents the value of [the] right to do business in this State.' This value, of course, is

intangible, and incapable of exact computation, but, in the Columbia Gas and Electric Corp. case, supra, we discussed the measurement of value devised by the legislature and sustained its reasonableness. (Emphasis in original.)

*Commonwealth v. Ford Motor Co.*, 350 Pa. at 240, 38 A.2d at 332.

By the Act of October 19, 1967, P.L. 446, the legislature amended the capital stock tax provisions then in effect to give domestic corporations the option now contained in Section 602(a) to calculate their capital stock tax by the three factor apportionment method. In *Commonwealth v. Greenville Steel Car Co.*, 469 Pa. 444, 366 A.2d 569 (1979), the Supreme Court wrote:

As applied to a domestic corporation electing to be treated as a foreign corporation the use of the three factor apportionment formula is a legislative grant by which the taxpayer can reduce its tax liability. Use of the formula is in the nature of an exemption or deduction and, as such must be strictly construed.

469 Pa. at 451, 366 A.2d at 573. Although the Code provides no similar option by which a foreign corporation may reduce its franchise tax liability, the lack of such an exemption or deduction is not in itself proof of unconstitutional discrimination. *See Commonwealth v. Monessen Amusement Co., supra.* Given the different things taxed by the capital stock tax on the one hand and the franchise tax on the other, the Legislature could reasonably determine that property subject to the capital stock tax is capable of valuation by either the single factor formula or the three factor formula but that the value of the exercise of the foreign corporation's franchise can in no event be fairly determined otherwise than by the three factor apportionment method. For the reasons explained in *Ford Motor, supra,* and the 1939 *Columbia Gas and Electric* case, *supra,* the single factor ratio involving only

tangible assets could properly be considered not to be a proper way to measure the value of a foreign corporation's privilege to do business in Pennsylvania.

Gilbert relies on *Columbia Gas Corp. v. Commonwealth*, 468 Pa. 145, 360 A.2d 592 (1976) for the proposition that the dissimilar tax treatment of foreign and domestic corporations is unconstitutional. That case is distinguishable. The question presented there was whether the Commonwealth could apply different rates to domestic and foreign corporations for essentially the same tax. Domestic corporations were taxed under Section 2 of the Act of July 25, 1953[3] which provided pertinently:

An excise tax of one fifth of one percentum is hereby imposed for State purposes for the privilege of exercising corporate franchises or other powers or privileges within this State as follows:

....

(b) Upon the amount of increase of the stated capital of any corporation heretofore incorporated.

Section 1002 of the Tax Reform Code of 1971, 72 P.S. §8002 required that every foreign corporation "for the privilege of exercising its franchises in Pennsylvania, pay to the department an excise tax of one-third of one percent upon the amount of any increase of capital actually employed within this Commonwealth." The language of these statutes makes plain that domestic and foreign corporations were required to pay the same business privilege tax with the only difference being the rates. The Supreme Court held that it was unconstitutional to apply a higher rate to foreign corporations than domestic cor-

---

[3] Act of July 25, 1953, P.L. 564, §2, *as amended, formerly* 72 P.S. §1827.3, repealed by the Act of July 12, 1972, P.L. 769, 71 P.S. §803.8.

porations, the Commonwealth having advanced no rational basis for distinguishing between the two. Here, unlike *Columbia Gas,* there is no disparity of rates applied to domestic and foreign corporations paying tax on the same subject. Here, the rates paid by the domestic corporation on its capital stock and by the foreign corporation on the value of its franchise are the same.

The 1939 *Columbia Gas and Electric Corp.* case, *supra,* is on point with this case and requires us here, as the Supreme Court did there, to hold that the foreign franchise tax is not unconstitutional. The fact of the option given domestic corporations to calculate their capital stock tax by the three factor method and of the holding in the 1976 *Columbia Gas and Electric* case, *supra,* that different rates of the same tax may not be imposed on domestic and foreign corporations, do not, for the reasons given, compel a different result.

We therefore enter the following

ORDER

AND Now, this 21st day of July, 1980, the petition for review of Gilbert Associates, Inc. from the settlement of its franchise by the Board of Finance and Revenue for the year ending December 31, 1974 is dismissed. Unless exceptions hereto are filed within 30 days of the entry of this order as provided by Pa. R.A.P. 1571, judgment is hereby entered in favor of the Commonwealth in the amount or $287,145.60. It appearing that Gilbert has paid all of the tax due, the Prothonotary is directed to mark the judgment satisfied unless exceptions are filed within 30 days.