514 A.2d 260

Electro-Space Fabricators, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued May 13, 1986, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Donald LaBarre, Jr.,* for petitioner.

*Bryan E. Barbin,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, August 20, 1986:

This is an appeal by Electro-Space Fabricators, Inc. (Petitioner), a Pennsylvania corporation, from the order of the Pennsylvania Board of Finance and Revenue (Board) which refused to resettle Petitioner's capital stock tax liability for the year ending December 31, 1981. This case comes before us on a stipulation of facts submitted by both parties which we hereby adopt and presents as its sole issue whether a domestic corporation which is not subject to tax in any state except Pennsylvania may elect to use the "three factor apportionment method" set forth in Article IV of the Tax Reform Code of 1971 (Code)[1] to determine its tax liability under the capital stock tax.

Petitioner is incorporated in Pennsylvania and conducts all of its business from its headquarters in Topton, Pennsylvania. During the 1981 tax year, Petitioner was not subject to a net income tax, franchise tax, or corporate stock tax in any state other than Pennsylvania. For purposes of this appeal, the parties have stipulated that Petitioner's capital stock value is $6,000,000.00.

Under Section 602(a) of the Code,[2] the taxpayer's capital stock tax base is computed by multiplying the capital stock value by a single factor representing the fraction of non-exempt assets over total assets. This Section also provides, however, that a domestic corporation may elect to compute and pay its capital stock tax in accordance with the provisions of Sections 602(b) of the Code.[3] Section 602(b), which imposes tax liability upon foreign corporations through a franchise tax, provides that such tax shall be computed by employing the relevant factors set forth in Article IV of the Code. Under

---

[1] Sections 401-412 of the Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§7401-7412.

[2] 72 P.S. §7602(a).

[3] 72 P.S. §7602(b).

this article, liability is computed by employing three factors representing the fractions of Pennsylvania non-exempt property, wages, and sales over total property, wages and sales. The average of these three fractions is multiplied by the capital stock value to arrive at the tax base.[4]

In this case, Petitioner's use of the three-factor apportionment method would reduce its tax base considerably, because although it has no property and wages assignable to other states, all of its Pennsylvania property and wages are exempt from taxation through the manufacturing exemption.[5] Thus, two of the factors in the three-factor formula would be zero, thereby re-

---

[4] The three factor apportionment method can be described by the following equation.

$$\frac{\text{Average Value of Tangible Property in Pennsylvania}}{\text{Average Value of all Tangible Property}} = X$$

$$\frac{\text{Wages, Salaries, etc. in Pennsylvania}}{\text{Total Wages, Salaries, etc.}} = Y$$

$$\frac{\text{Sales Assignable to Pennsylvania}}{\text{Total Sales Everywhere}} = Z$$

$$\frac{X + Y + Z}{3} \times \text{Value of Capital Stock} = \text{Tax Base}$$

[5] The manufacturing exemption was set forth by a provision in Section 602(a) which, prior to 1983, stated:

> Provided, that the provisions of this section shall not apply to the taxation of the capital stock of corporations, limited partnerships and joint-stock associations organized for manufacturing, processing, research or development purposes, which is invested in and actually and exclusively employed in carrying on manufacturing, processing, research or development within the State. . . .

The same manufacturing exemption applied to corporations using the three factor method under language in Section 602(b) which referenced the above provision. The exemption appears under similar language in the current version of Sections 602(a) and 602(b).

ducing the average fraction.[6] Under the three-factor method Petitioner's actual tax liability would be $713.16 as opposed to $20,583.97 under the one-factor method.

The Commonwealth contends that Petitioner is prohibited from electing the three factor apportionment method by the decision in *Commonwealth v. Greenville Steel Car Co.*, 469 Pa. 444, 366 A.2d 569 (1976). In *Greenville,* the Pennsylvania Supreme Court held that in order for a domestic corporation to use the three factor apportionment formula in Article IV of the Code, the corporation must first establish that it is taxable in another state. *Id.* at 451, 366 A.2d at 573. The Court based its decision upon the provisions of Article IV which state:

> Any taxpayer having income from business activity which is taxable both within and without this State . . . shall allocate and apportion his net income as provided in this definition.

> For purposes of allocation and apportionment of income under this definition, a taxpayer is taxable in another state if in that state he is subject to a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business, or a corporate stock tax, or that state has jurisdiction to subject the taxpayer to a net income tax regardless of whether, in fact, the state does or does not.

---

[6] With exempted assets excluded, the fractions were as follows:

$$\frac{\text{Non-exempt Property in Pennsylvania}}{\text{All Property}} = \frac{0}{2,814.77} = 0$$

$$\frac{\text{Non-exempt Wages in Pennsylvania}}{\text{Total Wages}} = \frac{0}{2,802,001} = 0$$

$$\frac{\text{Sales Assignable to Pennsylvania}}{\text{Total Sales}} = \frac{352,089}{9,521,899} = .035658$$

Thus, the average fraction was .035658

These provisions were applicable during the 1981 tax year, and now appear in similar form at Section 401(3)2.(a)(2) and Section 401(3)2.(a)(3) of the Code.

Petitioner acknowledges the holding in *Greenville* and freely concedes in its brief that "Article IV established taxability in another state as a condition precedent for the use of the three factor method for purposes of apportioning income within and without the Commonwealth." Petitioner contends nonetheless that the *Greenville* decision is not controlling in the present case. Petitioner argues that unlike the corporation in *Greenville,* it is not using the three factor method to allocate and apportion its property, wages and sales to states other than Pennsylvania; it is using the method solely to calculate the amount of exemption allowed its Pennsylvania assets used in manufacturing. Petitioner claims that *Greenville* did not decide whether the three factor method was available to a domestic corporation for purposes of calculating the amount of its manufacturing exemption since such an exemption was not available during 1971, the tax year considered in the *Greenville* opinion.[7]

We find these arguments difficult to comprehend. First, the stipulation of facts submitted by the parties indicates that Petitioner *does* intend to use the three factor method to allocate a portion of its *sales* to states other than Pennsylvania.[8] Thus, contrary to Petitioner's assertion, Petitioner is no different than the petitioner in *Greenville* in this respect. Secondly, the *Greenville* decision does not condition the use of the three factor

---

[7] Although the manufacturing exemption had appeared in previous tax statutes, it was omitted from the present Code when the Code was enacted in March of 1971. The manufacturing exemption was reinstated by Section 5 of the Act of August 31, 1971, P.L. 362.

[8] *See supra,* note 6.

method upon the taxpayer's reason for using it. Under *Greenville's* interpretation of Article IV of the code, a domestic corporation which is not taxable in another state would be prohibited from using the three factor method, regardless of whether it wished to use the method in order to allocate its out-of-state assets or simply in order to calculate its manufacturing exemption. We note that the manufacturing exemption is available to corporations using either the single factor or the three factor method, and in either case is applied to determine the amount of the corporation's non-exempt assets.[9] Thus, we cannot perceive why the use of the three factor method is necessary to calculate Petitioner's manufacturing exemption, or why the reinstitution of this exemption subsequent to the tax year considered in *Greenville* would affect the applicability of that court's holding to the present case.

Petitioner also cites *Gilbert Associates, Inc. v. Commonwealth,* 498 Pa. 514, 447 A.2d 944 (1982), in which the Supreme Court held that Section 602 of the Code was unconstitutional because it did not allow foreign corporations the same option of calculating their taxes by use of either the single factor method or the three factor method.[10] In that case the Court noted that under Section 602(b) a foreign corporation was *required* to use the three factor method to compute its taxation. Petitioner thus argues that if a foreign corporation was, prior to *Gilbert, required* to use the three factor method, and is now permitted to use *either* method then Petitioner should be permitted to do the same under the provision allowing the election of the three factor method by domestic corporations.

---

[9] *See supra,* note 5.

[10] Subsequent to *Gilbert,* Section 602(b) was amended by Section 8 of the Act of December 23, 1983, P.L. 370, to permit a foreign corporation to use the single factor method of 602(a).

The courts, however, have never considered a situation in which a *foreign* corporation was prohibited from using the three factor method because it was not taxable in a state other than Pennsylvania. Thus, it has never been specifically held that a foreign corporation is entitled to use the three factor method *regardless* of whether it is taxable in another state. Whether or not the qualifying language in Section 401(3)2.(a) of the code could prohibit a foreign corporation from using this Section, however, it is nonetheless clear that this language *does* prohibit a *domestic* corporation not taxable in another state from doing so. In *Greenville* the Court noted that while the ability to allocate and apportion assets under Article IV is constitutionally required in the case of foreign corporations, it is not so required in the case of domestic corporations. 469 Pa. at 447 n.2, 366 A.2d at 571 n.2. The Court stated:

> As applied to a domestic corporation electing to be treated as a foreign corporation, the use of the three factor apportionment formula is a legislative grant by which the taxpayer can reduce its tax liability. Use of the formula is in the nature of an exemption or deduction and, as such, must be strictly construed.

*Id.* at 451, 366 A.2d at 573. Thus, at least with respect to domestic corporations, the holding in *Greenville* is authoritative and controls this Court's disposition of the present matter.

In the present case Petitioner has admitted that it is a Pennsylvania corporation not subject to taxation in any state other than Pennsylvania. It thus has not met the condition precedent to the use of the three factor method in Article IV, and under the controlling authority of *Greenville,* must be prohibited from using such method.

Accordingly, unless exceptions are filed judgment will be entered in favor of the Commonwealth.

ORDER

NOW, August 20, 1986, unless exceptions are filed within thirty days of the date of this order judgment shall be entered in favor of the Commonwealth in the amount of $20,583.97 plus six percent legal interest per annum.