WHYY, INC., PETITIONER-APPELLANT, v. BOROUGH OF GLASSBORO, RESPONDENT-RESPONDENT, AND DIVISION OF TAX APPEALS OF THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 16, 1966—Decided May 20, 1966.

Before Judges GOLDMANN, FOLEY and COLLESTER.

*Mr. Frank J. Ferry,* attorney for appellant.

*Mr. John W. Trimble,* attorney for respondent Borough of Glassboro.

*Mr. Elias Abelson,* Deputy Attorney General, filed a statement in lieu of brief for respondent Division of Tax Appeals (*Mr. Arthur J. Sills,* Attorney General, attorney).

PER CURIAM. WHYY, Inc. appeals from judgments of the Division of Tax Appeals affirming the action of the Gloucester County Tax Board in denying its application for tax exemption of property owned by it in Glassboro. WHYY is a Pennsylvania corporation whose principal office is located in Philadelphia. It was formed as a nonprofit corporation to provide cultural, recreational and educational radio and television broadcasts in the Delaware Valley area, and to establish, construct and otherwise acquire or operate noncommercial, educational radio and television broadcast stations and facilities in Pennsylvania, New Jersey and Delaware. The company is

registered in this State as a foreign nonprofit corporation, authorized to do business in New Jersey.

The Federal Communications Commission has licensed WHYY to operate and telecast over Channel 12 as a noncommercial, educational station. It has studios in Philadelphia, Pa. and Wilmington, Del. The facilities in New Jersey consist of 50 acres located in Glassboro, on which are erected a transmittal building and a 1,000-foot guy tower, the heart of its broadcasting system. WHYY is precluded from all commercial advertising. It depends on contributions from school systems and individuals to finance its operations.

The corporation appealed to the Gloucester County Tax Board from assessments levied against its property in Glassboro, claiming tax exemption as a nonprofit and educational institution. The board upheld the assessments. The Division of Tax Appeals affirmed that action upon appeal.

WHYY asserts that as a registered nonprofit foreign corporation it is authorized to own real property in New Jersey, *R. S.* 14:15–1; that under *R. S.* 14:15–2 a foreign corporation doing business here is subject to all the benefits as well as burdens of our laws, and for these reasons it is entitled to any exemption a New Jersey corporation might claim. It therefore contends that it should have been granted a tax exemption as an educational and charitable nonprofit corporation by virtue of the provisions of *N. J. S. A.* 54:4–3.6.

The flaw in this reasoning becomes apparent upon a reading of the statute. After listing the various categories of property entitled to tax exemption, *N. J. S. A.* 54:4–3.6 concludes with the following language:

"The following exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question *and is incorporated or organized under the laws of this State* and authorized to carry out the purposes on account of which the exemption is claimed." (Italics ours)

The statutory language is entirely clear. WHYY meets two of its requirements: it owns the property in question and is

authorized to carry out the purposes on account of which the exemption is claimed. However, the company is not "incorporated or organized under the laws of this State." Were it not for this, it would meet the criteria of *N. J. S. A.* 54:4–3.6.

Statutes granting exemption from taxation are construed most strongly against the claimant, who bears the burden of proving a tax-exempt status. *Princeton University Press v. Princeton,* 35 *N. J.* 209, 214 (1961), and cases there cited. WHYY would avoid the very specific requirement of the quoted statute by arguing that although it is not "incorporated" under the laws of New Jersey, it is "organized" under our laws; that being fully qualified to transact business here under *R. S.* 14:15–2 and subject to all our laws, it should therefore be entitled to tax exemption. The words "incorporated or organized" in the closing sentence of *N. J. S. A.* 54:4–3.6 refer back to the beginning of that sentence and relate to "association, corporation or institution." The word "organized" refers to associations or institutions that may not be "incorporated"—it certainly does not refer to foreign corporations which are incorporated or organized in another state.

Appellant claims that a strict interpretation of the statute so as to require *bona fide,* foreign nonprofit corporations to incorporate in New Jersey is unreasonable and has no relation to the expressed objective of the legislation, which is to foster and encourage educational, charitable and cultural endeavors. However, as stated, statutes of exemption from taxation must be strictly construed. If the subjects of exemption are to be enlarged, it is for the Legislature to bestow that privilege, and not the courts.

Affirmed.