WHYY, INC. *v.* BOROUGH OF GLASSBORO ET AL.

No. 10.   Argued October 17, 1968.—Decided November 12, 1968.

*James M. Marsh* argued the cause for appellant.   With him on the briefs were *Grover C. Richman, Jr.,* and *Lewis Weinstock.*

*John W. Trimble* argued the cause and filed a brief for appellee Borough of Glassboro.

PER CURIAM.

The appellant is a nonprofit corporation organized under the laws of Pennsylvania.   Under a license issued by the Federal Communications Commission, it operates a noncommercial television station which broadcasts cultural, recreational, and educational programs.   The broadcasting facilities for one of the television channels allocated to the appellant are in New Jersey; on its 50-acre plot in the Borough of Glassboro in that State

appellant has erected a transmittal station and a tower. Signals on this channel reach approximately 8,000,000 people in the Delaware Valley area, of whom 29.5% are estimated to live in New Jersey. Some of the programs are designed to appeal especially to the residents of New Jersey. In accordance with New Jersey law, the appellant has registered and qualified to transact business in the State.[1]

In November of 1963 the appellant wrote to the Glassboro Council requesting exemption, as a nonprofit organization, from state real and personal property taxes on its land and facilities for 1964. The request was denied, as was a similar petition to the Gloucester County Tax Board. The Division of Tax Appeals upheld the County Board, and the appellant took a further appeal to the Superior Court. That court held that while the appellant qualified for the exemption in all other respects, the statute exempted only those nonprofit corporations which were incorporated in New Jersey.[2]

---

[1] N. J. Stat. Ann. § 14:15–2 requires a foreign corporation, in order to obtain a certificate of authorization to transact business in the State, to file with the Secretary of State a copy of its charter and a statement setting forth the amounts of its authorized and issued capital stock, the character of the business to be transacted in the State, the place of the principal office within the State, and the name of a resident agent for the service of process.

[2] N. J. Stat. Ann. § 54:4–3.6 provides in pertinent part that the "exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed."

By Chapter 24 of the Laws of 1967, N. J. Stat. Ann. § 54:4–3.6a was added. It provides an exemption for the following property: "All buildings and structures located in this State and used exclusively by a nonprofit association or corporation organized under the laws of this or another State for the production and broadcasting of educational television; the land whereon the buildings and struc-

91 N. J. Super. 269, 219 A. 2d 893. On appeal to the Supreme Court of New Jersey, the appellant argued for the first time that the statute denied it equal protection of the laws in violation of the Fourteenth Amendment to the Constitution by discriminating against it solely on the basis of its foreign incorporation. The Supreme Court noted that it had discretion not to consider a question not raised in the lower court, but nevertheless proceeded to decide the constitutional question because of its widespread importance. It concluded that the classification was not wholly irrational and sustained the denial of exemption.[3] 50 N. J. 6, 231 A. 2d 608. We noted probable jurisdiction to consider the constitutional question thus raised. 390 U. S. 979. Cf. *Raley* v. *Ohio,* 360 U. S. 423, 436.

This Court has consistently held that while a State may impose conditions on the entry of foreign corporations to do business in the State, once it has permitted them to enter, "the adopted corporations are entitled to equal protection with the state's own corporate progeny, at least to the extent that their property is entitled to an equally favorable *ad valorem* tax basis." *Wheeling Steel Corp.* v. *Glander,* 337 U. S. 562, 571–572. See *Reserve Life Ins. Co.* v. *Bowers,* 380 U. S. 258; *Hanover Fire Ins. Co.* v. *Harding,* 272 U. S. 494; *Southern R. Co.* v.

---

tures are erected and which may be necessary for the fair enjoyment thereof, and which is devoted to the foregoing purpose, and no other purpose, and does not exceed 30 acres in extent; the furniture, equipment and personal property in said buildings and structures if used and devoted to the foregoing purpose." The amendment applies only "to taxes payable in 1968 and thereafter."

[3] Because it concluded that the appellant was not entitled to an exemption in any event, the New Jersey Supreme Court noted that it did not have to decide whether the failure of the appellant to comply with the normal procedure for claiming an exemption under N. J. Stat. Ann. § 54:4–4.4 should preclude it from asserting an exempt status.

*Greene,* 216 U. S. 400. Yet New Jersey has denied the appellant a tax exemption which it accords other nonprofit corporations solely because of the appellant's foreign incorporation. This is not a case in which the exemption was withheld by reason of the foreign corporation's failure or inability to benefit the State in the same measure as do domestic nonprofit corporations. Compare *Board of Education* v. *Illinois,* 203 U. S. 553. Nor have the appellees advanced any other distinction between this appellant and domestic nonprofit corporations which would justify the inequality of treatment.

The New Jersey Supreme Court concluded that the legislative purpose could reasonably have been to avoid the administrative burden which the taxing authorities would bear if they had to examine the laws of other jurisdictions in order to determine whether a corporation with nonprofit status under those laws would also satisfy New Jersey requirements. But this burden would exist only if a foreign corporation sought exemption in New Jersey on the basis of its nonprofit status at home. It is one thing for a State to avoid this extra burden by refusing to grant such an automatic exemption. It is quite another to deny a foreign corporation an opportunity equivalent to that of a domestic corporation to demonstrate that it meets the requirements for a nonprofit corporation under local law. Neither the New Jersey Supreme Court nor the appellees have suggested that there is any greater administrative burden in evaluating a foreign than a domestic corporation under New Jersey law. We must therefore conclude, as we did in *Wheeling,* that the appellant has not been "accorded equal treatment, and the inequality is not because of the slightest difference in [New Jersey's] relation to the decisive transaction, but solely because of the different residence of the owner." 337 U. S., at 572.

The judgment of the New Jersey Supreme Court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE BLACK dissents from the reversal of this case and would affirm it.