360 A.2d 592

**COLUMBIA GAS TRANSMISSION CORPORATION, Appellant,**

v.

**COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued May 3, 1976.

Decided July 6, 1976.

Rhoads, Sinon & Reader, Frank A. Sinon, Harrisburg, for appellant.

Vincent J. Dopko, Deputy Atty. Gen., Harrisburg, for appellee.

Harry J. Rubin, Gerald Krekstein, Harrisburg, for amicus curiae, Chrysler Realty Corp.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Judge.

Columbia Gas Transmission Corporation (appellant) appeals[1] from Judgment of the Commonwealth Court which affirmed the determination of the Board of Finance and Revenue. The Board sustained the Department of Revenue's computation and settlement of Columbia's liability for the Excise Tax on Foreign Corporations[2] for the period July 1, 1971, through December 31, 1971.

Appellant raises four contentions on this appeal: (1) the foreign excise tax as imposed here violates the Commerce Clause of the United States Constitution as a tax on interstate commerce; (2) appellant's increase in capital was not properly apportioned under the applicable statutory formula; (3) the foreign excise tax violates appellant's rights under the uniformity clause of the Pennsylvania Constitution and the equal protection

1. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. III, § 203, 17 P.S. § 211.203 (Supp.1975).

2. Act of March 4, 1971, P.L. 6, art. X, § 1001 (Supp.1975).

clause of the United States Constitution; and (4) the credit allowed to appellant for domestic excise taxes paid by its predecessor was improperly computed and levied. We find appellant's third contention meritorious.[3] The Foreign Excise Tax violates appellant's rights under the uniformity clause of the Pennsylvania Constitution. We reverse the Judgment of the Commonwealth Court.

The Excise Tax on Foreign Corporations was enacted as part of the "Tax Reform Code of 1971." [4] Article X of the Code provides, in relevant part:

" . . . every foreign corporation, in addition to complying with all the laws of the Commonwealth now or hereafter in effect, shall, for the privilege of exercising its franchises in Pennsylvania, pay . . . an excise tax of one-third of one per cent upon the amount of any increase of capital actually employed within this Commonwealth."

Act of March 4, 1971, P.L. 6, art. X, § 1002, 72 P.S. § 8002 (Supp.1975). The Excise Tax on Domestic Corporations,[5] in effect during this tax period, provided, in relevant part:

"An excise tax of one fifth of one per centum is hereby imposed . . .

(a) Upon the amount of stated capital with which any corporation hereafter incorporated will begin business and upon the amount of increase thereof.

3. Because we find the Excise Tax on Foreign Corporations unenforceable as violating the uniformity clause, we need not consider appellant's other contentions.

4. Act of March 4, 1971, P.L. 6, §§ 101 et seq., 72 P.S. §§ 7101 et seq. (Supp.1975).

5. Act of July 25, 1953, P.L. 564, § 1, formerly codified as 72 P.S. §§ 1827.2 to 1827.10 repealed by section 8 of the Act of July 12, 1972, P.L. 769, 71 P.S. § 803.8 (Supp.1975). The Act remains in effect for three years as to the tax for any period prior to the effective date of the Act of July 12, 1972, and continues in effect thereafter as to pending proceedings for imposition and collection of the tax.

150

(b) Upon the amount of increase of the stated capital of any corporation heretofore incorporated."

Appellant argues that, although the tax is imposed upon increase in capital for both foreign and domestic corporations, the tax rate is discriminatory against foreign corporations because foreign corporations pay one-third of one per cent while domestic corporations pay only one-fifth of one per cent. It contends that the fact that a corporation is incorporated under the laws of another state is not "a reasonable or constitutionally valid distinction upon which to base a separate classification for purposes of taxation." The Commonwealth Court rejected this claim stating:

"The rule is that a state may classify subjects of taxation and impose different rates on different subjects so classified if the class selections are not purely arbitrary but rest upon some reasonable considerations of differences among, or of taxing policy with respect to, the classes. Further the classifications will be upheld if any set of facts reasonably can be conceived that would sustain them. The Foreign Excise Tax on Corporations meets these tests."

We do not agree. The Commonwealth has not stated, nor can we discern, any valid reason for the difference in the rates of taxation. Classifications based solely on place of incorporation, without any further justification, cannot stand constitutional scrutiny. See *WHYY, Inc. v. Borough of Glassboro*, 393 U.S. 117, 89 S.Ct. 286, 21 L.Ed.2d 242 (1968); *Hanover Fire Ins. Co. v. Carr*, 272 U.S. 494, 47 S.Ct. 179, 71 L.Ed. 372 (1926); *Southern Railway Co. v. Greene*, 216 U.S. 400, 30 S.Ct. 287, 54 L. Ed. 536 (1909).

The starting point in considering appellant's claim is article 8, section 1 of the Pennsylvania Constitution:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority

levying the tax, and shall be levied and collected under general laws."

Our cases have held that taxation is not a matter of science, and perfect uniformity or absolute equality is not required.[6] We have held that the state has broad taxing authority and is free to enact taxing legislation of different varieties, so long as the classifications are based upon valid reasons.[7] But where there is no reasonable difference between the classes of taxpayers, or where the classification is arbitrary or capricious the uniformity clause prevents imposition of the tax.[8]

■ Here, the taxpayer points to a disparity in the rates of taxation evident on the face of the statutes. Appellant further shows that more revenue is raised from the tax on foreign corporations than is raised on the excise tax on domestic corporations even though there are fewer foreign corporations subject to the tax [9]. No justification is offered by the Commonwealth for the dis-

6. *Commonwealth v. Brink's, Inc.*, 346 Pa. 296, 30 A.2d 128 (1943); *Commonwealth v. McCarthy*, 332 Pa. 465, 3 A.2d 267 (1939); *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, 184 A. 37 (1936).

7. *Commonwealth v. Life Assurance Co.*, 419 Pa. 370, 214 A.2d 209 (1965); *Jones & Laughlin Tax Assessment Case*, 405 Pa. 421, 175 A.2d 856 (1961); *Commonwealth v. Lukens*, 312 Pa. 220, 167 A. 167 (1933). Cf. *Allied Stores of Ohio, Inc. v. Bowers*, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959); *State Board of Tax Commissioners v. Jackson*, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248 (1931); *Brown-Forman Co. v. Kentucky*, 217 U.S. 563, 30 S.Ct. 578, 54 L.Ed. 883 (1910).

8. Cf. *Amidon v. Kane*, 444 Pa. 38, 279 A.2d 53 (1971); *F. J. Busse Co. v. Pittsburgh*, 443 Pa. 349, 279 A.2d 14 (1971); *Commonwealth v. Life Assurance Co.*, 419 Pa. 370, 214 A.2d 209 (1965); *Commonwealth v. Girard Life Ins. Co.*, 305 Pa. 558, 158 A. 262 (1932).

9. The Commonwealth contends that the amount of revenue raised per corporation taxed has no probative value because many domestic corporations taxed have little capital whereas all of the foreign corporations taxed are ipso facto engaged in multi-state operations. Whatever merit there may be to objections to the data which appellant has compiled does not amount to a basis for the disparate rates of tax imposed.

parity in tax rates. The Commonwealth states in its brief:

> "The Commonwealth concedes that the tax rate for foreign corporations is not identical to the rate for domestics but does not know of any constitutional requirement that there be absolute identical taxing treatment. The tax rate difference between foreign and domestics is thirteen and one-third ten thousandths (.0013⅓) which cannot be considered unequal to any substantial degree."

In failing to point to any rational reason for the difference in tax treatment between foreign and domestic corporations the Commonwealth relies on *Commonwealth v. Life Assurance Company of Pennsylvania*, 419 Pa. 370, 214 A.2d 209 (1965). That case is inapposite. There, a domestic *life* insurance company subject to a particular tax complained that other domestic insurance companies were not subject to the same tax. We noted that the decision *what* to tax was exclusively within the province of the Legislature and that the Commonwealth needs no justification for "a measure whose sole purpose is to raise revenue." 419 Pa. at 377, 214 A.2d at 214–15. But we stated further, "[W]here the state seeks to raise revenue, it need not justify any distinction drawn between the taxed and the non-taxed with respect to the raising of revenue so long as some other reasonable basis for treating the various classes differently exists." 419 Pa. at 377–78 n.11, 214 A.2d at 215 n.11. We then found that there was a reasonable basis for treating life insurance companies differently than other insurance companies. This Court said:

> "In light of these distinctions,[10] legitimately and historically drawn, we are unable to conclude that the

10. The Court found, "Life insurance, by its very nature, is basically different from other types of insurance. . . ." 419 Pa. at 381, 214 A.2d at 216.

classification objected to is arbitrary, capricious or discriminatory. It therefore follows that the distinctive treatment accorded domestic life and non-life insurance companies . . . is not [a violation of the uniformity clause of the Pennsylvania Constitution.]" 419 Pa. 382, 214 A.2d at 217.

██ It is, of course, true that foreign and domestic corporations often cannot be taxed identically. Constitutional limitations on the state's jurisdictional ability to tax the assets of foreign corporations necessitates some differences in the structure of taxing schemes.[11] Nor does our uniformity clause require mathematical precision in the amounts of revenue raised from similar corporations. Differences in the operations and structures of corporations may result in differences in tax liability. But in the absence of some concrete justification for differences in tax treatment, an arbitrary difference in tax rates cannot be tolerated. Cf. *Amidon v. Kane,* 444 Pa. 38, 279 A.2d 53 (1971); *F. J. Busse Co. v. Pittsburgh,* 443 Pa. 349, 279 A.2d 14 (1971); *Commonwealth v. Life Assurance Co.,* 419 Pa. 370, 214 A.2d 209 (1965); *Jones & Laughlin Tax Assessment Case,* 405 Pa. 421, 175 A.2d 856 (1961); *Commonwealth v. Lukens,* 312 Pa. 220, 167 A. 167 (1933).

██ Although the parameters of the uniformity clause and the equal protection clause of the United States Constitution are not necessarily congruent, it is useful to

11. The Commonwealth contends that because the domestic excise tax is based on stated capital while the foreign excise tax is based on capital actually employed within Pennsylvania the taxes cannot fairly be compared. There is no merit in this assertion. In both cases the Legislature intended to tax to the fullest extent constitutionally possible. Stated capital of foreign corporations could not be taxed because the tax would reach assets beyond the Commonwealth's jurisdictional limits. Conversely, if the state taxed only capital actually employed in the state by domestic corporations, certain assets e. g., intangibles, might escape taxation. See e. g., *Commonwealth v. The Mundy Corp.,* 346 Pa. 482, 30 A.2d 878 (1943); *Union Refrigerator Transit Co. v. Kentucky,* 199 U.S. 194, 26 S.Ct. 36, 50 L.Ed. 150 (1905).

look to federal cases when a disparity in tax treatment is presented. The issue in this case is similar to that presented in *WHYY, Inc. v. Borough of Glassboro*, 393 U.S. 117, 89 S.Ct. 286, 21 L.Ed.2d 242 (1968). There New Jersey denied foreign corporations a tax exemption allowed to domestic corporations. The Supreme Court of New Jersey found that the classification was not wholly irrational and sustained the denial of the exemption. The United States Supreme Court reversed. It held that the classification based solely on whether the corporation was foreign or domestic violated the equal protection clause. The Court stated:

> "New Jersey has denied the appellant a tax exemption which it accords other nonprofit corporations solely because of the appellant's foreign incorporation. . . . Nor have the appellees advanced any other distinction between this appellant and domestic nonprofit corporations which would justify the inequality of treatment."

That conclusion is equally applicable to the case before us.

■ While the Commonwealth may impose reasonable conditions on the entry of foreign corporations to do business in Pennsylvania, once a corporation is allowed entry it must be treated uniformly with domestic corporations in the absence of any reasonable basis for according separate treatment.[12] The only basis for the disparate rates of tax imposed on foreign and domestic corporations by the excise taxes is that the Commonwealth apparently succumbed to "the temptation to favor local

12. Cf. *WHYY, Inc. v. Borough of Glassboro*, 393 U.S. 117, 120, 89 S.Ct. 286, 287, 21 L.Ed.2d 242 (1968); *Hanover Fire Insurance v. Carr*, 272 U.S. 494, 47 S.Ct. 179, 71 L.Ed. 372 (1926); *Southern Railway Co. v. Greene*, 216 U.S. 400, 418, 30 S.Ct. 287, 291, 54 L. Ed. 536 (1909):
"We hold . . . that to tax the foreign corporation for carrying on business under the circumstances shown, by a different and much more onerous rule that is used in taxing domestic corporations for the same privilege, is a denial of the equal protection of the laws . . . ."

business over foreign." Note, The Capital Stock and the Corporate Franchise Tax versus the Constitution in Pennsylvania, 88 U.Pa.L.Rev. 456 (1940).

The Commonwealth has shown no valid reason for imposing a higher tax rate on the increase in capital of foreign corporations than is imposed on the increase in capital of domestic corporations. We therefore conclude that the tax is not ". . . uniform, upon the same class of subjects. . . ." The Excise Tax on Foreign Corporations violates the uniformity clause of the Pennsylvania Constitution and is unenforceable.

Judgment of the Commonwealth Court reversed and the matter remanded to the Commonwealth Court for further proceedings consistent with this opinion.

NIX, J., concurs in the result.