## 35846. CITY OF CHATTANOOGA v. STATE OF GEORGIA et al.

BOWLES, Justice.

This is a suit for a refund of sales and use tax levied upon the City of Chattanooga, Tennessee by the State of Georgia.

Chattanooga, a municipality chartered by the State of Tennessee, through its Power Board sells electric power in Walker, Catoosa and Dade Counties, Georgia. Chattanooga also sells electric power to a number of counties in Tennessee. Chattanooga services these three Georgia counties from its facility in Rossville, Georgia. Chattanooga has an investment in its Rossville plant of nearly $4 million.

Chattanooga sets its rates in a manner which allows it to operate its electric power facilities on a non-profit basis. It charges the same utility rates to residents of Georgia as it does to residents of Tennessee. Chattanooga pays no taxes to the State of Tennessee nor does it pay federal taxes of any kind. The record shows that Chattanooga has been exempted from paying income taxes to the State of Georgia.

In September, 1972, the State of Georgia assessed and collected use taxes and interest in the amount of $16,752.62 from Chattanooga for purchases of tangible personal property made in Georgia between 1969 and 1971. Chattanooga purchased the property to use in operating its electric utility system in Georgia.

Chattanooga sued for a refund in Walker County Superior Court contending that since Georgia municipalities which distribute electric power for consumption are exempted under Code Ann. § 92-3403a (C) (2) (d) from Georgia sales and use taxes on purchases of tangible personal property made within the state, as a similarly situated municipality, Chattanooga is entitled to this exemption. Chattanooga further argued that to deny it this exemption would be a violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution.

The Walker County Superior Court granted the State of Georgia's motion for summary judgment and the City of Chattanooga brings this appeal.

The question before us is whether Code Ann. § 92-3403a (C) (2) (d) exempts the City of Chattanooga from paying sales and use taxes on tangible personal property purchased and used in this state. We conclude that it does.

Code Ann. § 92-3403a (C) (2) (d) provides for an exemption for sales and use tax on "sales to the Federal Government, the State of Georgia, any county or municipality of the State of Georgia or any bona fide department of such government when paid for directly to the seller . . ."

We hold that a foreign municipality permitted to enter this state and to carry on a proprietary function by providing services to Georgia residents is a municipality of this state within the meaning of the statute. In construing the statute we conclude that it was not the intent of the legislature to adopt a statute that runs afoul of the equal protection clause of the United States Constitution as exemplified by the United States Supreme Court's decision in WHYY, Inc. v. Borough of Glassboro, 393 U. S. 117 (89 SC 286, 21 LE2d 242) (1968).[1] We conclude, rather, that it was the intention of the legislature to exempt foreign municipal corporations doing business in this state and serving Georgia residents from sales and use taxes on purchases of tangible personal property which the foreign municipality uses in conducting its business within the state.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 18, 1980 —
DECIDED JULY 1, 1980.

---

[1]There the Supreme Court held that once a state permits foreign corporations to

*Kinney, Kemp, Pickell, Avrett & Sponcler, F. Lamar Lewis,* for appellant.

*Arthur K. Bolton, Attorney General, James C. Pratt, David A. Runnion, Assistant Attorneys General,* for appellees.

---

enter the state, "the adopted corporations are entitled to equal protection with the state's own corporate progeny" regardless of whether the foreign corporation is incorporated in that state. WHYY at p. 119.