## Downs v. Buckingham Township

*Robert F. Ruehl*, for petitioners.
*Sondra K. Slade*, for Buckingham Township.

GARB, *J.*, July 21, 1980—This is an appeal by 25 aggrieved taxpayers of the Township of Buckingham from ordinance Nos. 10-79 and 4-80 enacted by the Board of Township Supervisors imposing taxes upon earned income and net profits of residents of said Township. This appeal is filed pursuant to the provisions of the Act of June 3, 1971, P.L. 1257 No. 6, §1, 53 P.S. §6906. It is agreed that

petitioners are indeed taxpayers of the municipality with standing to raise this appeal and that the matter is now ripe for decision by this court.

The petition asserts that the ordinance is unconstitutional as being in violation of the Uniformity Clause of the Pennsylvania Constitution as found in Art. 8, § 1, the Equal Protection provisions and the 14th Amendment of the United States Constitution and not in accordance with the enabling legislation, the Local Tax Enabling Act, the Act of December 31, 1965, P.L. 1257, § 1, 53 P.S. § 6901, et seq. We determine that the taxes as imposed by these two ordinances are in violation of the Uniformity Clause of the Pennsylvania Constitution as embodied in Art. 8, § 1 thereof for the intitial year of taxation and are therefore declared invalid for that year.

Ordinance 10-79 imposes a tax upon earned income at the rate of three-eighths of one percent for each year and for the initial year of taxation for a period of February 1, 1980 through December 31, 1980. Ordinance 4-80 imposes a tax upon net profits for each year at the rate of three-eighths of one percent and for the initial year for the period of July 1, 1980 through December 31, 1980. By virtue of the disparity in the effective periods of taxation during the initial year the petitioners contend that the tax rate as imposed for the calendar year 1980 is not uniform. With this contention we agree.

The Act of December 31, 1965, P.L. 1257, § 13, 53 P.S. § 6913 provides in relevant part as follows:

"The tax levied under this Act shall be applicable to earned income received and to net profits earned in the period beginning January 1, of the current year, and ending December 31, of the current year or for taxpayer fiscal years beginning in the current

year, except that taxes imposed for the first time shall become effective from the date specified in the ordinance or resolution, and the tax shall continue in force on a calendar year or taxpayer fiscal year basis, without annual reenactment, unless the rate of the tax is subsequently changed. Changes in rate shall become effective on the date specified in the ordinance."

The same section of the Act of Assembly defines "earned income" in relevant part as follows:

"Salaries, wages, commissions, bonuses, incentive payments, fees, tips and other compensation received by a person or his personal representative for services rendered, whether directly or through an agent, and whether in cash or in property; . . . "

"Net profits" is defined as follows:

"The net income from the operation of a business, profession, or other activity, . . . "

We are satisfied, and we do not believe the township contends to the contrary, that the provisions of the Act of Assembly contemplate that these two taxes upon earned income and net profits be considered and construed together and that the grant of authority to the municipality to impose such tax contemplates that both must be imposed upon the taxpayers of the municipality if either is to be imposed. Therefore, the narrow question for decision is whether the imposition of this tax for disparate periods of time in the initial year of imposition thus resulting in a difference in the tax rate applied to taxpayers whose income is earned as opposed to those who realize net profits constitutes a constitutionally repugnant lack of uniformity. We believe that it does.

It is clear that Art. 8, §1 of the Pennsylvania

Constitution is applicable to taxes imposed upon income: Amidon v. Kane, 444 Pa. 38, 279 A. 2d 53, (1971). The substantive content of the Uniformity Clause is not always susceptible to precise definition or application. However, as stated in Allentown School District Mercantile Tax Case, 370 Pa. 161, 87 A. 2d 480, (1952) and as cited with approval in Amidon v. Kane, supra the clause requires that the classification byntempla the legislative body must be reasonable and the tax must be applied with uniformity upon similar kinds of business or property and with substantial equality of the tax burden to all members of the same class. Uniformity requires substantial equality of tax burden. While concededly taxation is not a matter of exact science, and perfect uniformity and absolute equality in taxation can rarely if ever be attained, the imposition of taxes which are to a substantial degree unequal in their operation or effect upon similar kinds of property or persons in the same classification is prohibited. While reasonable and practical classifications are justifiable, where a method or formula of computing a tax will, in its operation or effect, produce arbitrary or unjust or unreasonably discriminatory results, the Constitutional provision relating to uniformity is violated. See Turco Paint and Varnish Co. v. Kalodnen, 320 Pa. 421 (1936) and Amidon v. Kane, supra. If a tax is to be held to be in conformity with the Uniformity Clause it must operate alike on the classes of things or properties subjected to it: Amidon v. Kane, id. Fully recognizing that taxation is not a matter of science and that perfect uniformity or absolute equality is not required, and that a taxing authority has broad taxing discretion and is free to enact taxing legislation of different varieties, however, the classifications contained in such tax must be

based upon valid reasons. Where there is no reasonable difference between the classes of taxpayers, or where their classification is arbitrary or capricious the uniformity clause prevents imposition of the tax: Columbia Gas Corp. v. Commonwealth, 468 Pa. 145, 360 A. 2d 592 (1976).

We are unable to discern any reasonable distinction between those persons whose livelihood is derived through earned income as defined by the Act or those who are the recipients of net profits as in the nature of self employed business people or professional people. Clearly the Act of Assembly provides that a tax may not be imposed upon one without imposing it upon the other. As heretofore stated the Act requires that the tax levied under this Act "shall" be applicable to earned income received *and* to net profits earned. As such, the grant of authority to impose such taxes is a grant of authority to impose both forms of tax upon the employed taxpayers of the Municipality and both must be imposed or assessed at the same rate. We reject the argument of the township that Dole v. Philadelphia, 337 Pa. 375, 11 A. 2d 163, (1940) authorizes the imposition of one or the other of these taxes and that if both are imposed they may be imposed from differing starting dates. In that case the City of Philadelphia imposed a net profits tax at the beginning of one year with an earned income tax to begin at the beginning of the following year. Therein the Supreme Court affirmed the imposition of such taxes by a per curiam order and by adoption of the opinion of the lower court. However, it must be noted that the court in that case was not construing an Act similar to the one now before us but rather a Tax Enabling Act, the Stirling Act, which specifically provided for the imposition of a tax upon earned income or net profits, either or both.

Therefore, the court was able to find a distinction in the class of taxpayers as created by the specific Act of Assembly. In the case now before us, however, the legislature has specifically provided that there is but one class of taxpayers who may be taxed upon their livelihood and the legislature has included in that class all persons deriving benefits from earned income and net profits. More recently, and of more than passing interest, our Supreme Court in Commonwealth v. Staley, 476 Pa. 171 (1978) in construing the uniformity clause as applied to the Pennsylvania State Income Tax as contained in the Tax Reform Code of 1971, the Act of March 4, 1971, P.L. 6, as amended, 72 P.S. §7101 et seq, stated, albeit by dictum, as follows:

"It is easier, argues appellee, to audit business expenses when the employer is keeping a check on the employe and the records, than it is when the employe alone is keeping the records and there is no check by a third party. *The same argument could be made for taxing wage earners and not the self-employed—and if made, such an argument would be quickly rejected.*" (Emphasis supplied.)

The mere fact that the rate of taxation as applied to each of the categories of taxpayers is the same does not save the tax. As demonstrated by the court in Amidon v. Kane, supra in construing the then effective state income tax, the mere fact that the rate of tax as applied to the net income of each taxpayer was the same was not sufficient to render the tax constitutional in light of the Uniformity Clause because of the disparity in the method of computing net taxable income by each taxpayer from the net taxable income showing on his U.S. Internal Revenue Form 1040. Because of the fact that the computation of this net taxable income by Federal tax standards varied from taxpayer to tax-

payer, the court found that the imposition of the State tax upon that base income, even though the rate of tax was the same, did not save the State Income Tax from being found unconstitutional as in violation of the Uniformity Clause. Likewise, although the local municipality tax rate imposed on real estate may be the same, where there is a showing that the common level ratio determined by the County Commissioners is unequally applied to the properties in the county by virtue of the variations in assessments based upon fair market value, the tax would be found to be non-uniform and in violation of the same clause. See In Re: Appeal of Cabot 95 Trust, et al, 27 Commonwealth Ct. 214, 365 A. 2d 1332, (1976). The same rationale is applicable here. The question is not whether or not the rate of tax is constant, but rather its impact on the various taxpayers within the class upon whom the tax is imposed based upon the method of calculation of that which is made subject to the tax.

Although there may be some explanation of the disparity in dates of imposition of these taxes, perhaps having to do with a prior successful appeal to a previously enacted tax, we do not believe that that renders this disparity a reasonable one. As was stated in Amidon v. Kane, supra where a tax is levied upon an occupational privilege, it must apply to all who share that privilege and part of the class may not be excused regardless of the motive behind the action. Any difference in treatment between similarly situated taxpayers based upon impracticality of application of the taxing act must, of necessity, result in reasonably uniform results. When, however, the tax imposes substantially unequal burdens on similarly situated taxpayers, it is prohibited by the Uniformity Clause. See Jones and Laughlin Tax Case, 405 Pa. 421, 175 A. 2d 856, (1961) and Com. v. Staley, supra.

We are satisfied that by virtue of the difference in application dates of net profits as opposed to earned income taxes upon the taxpayers an unequal burden is thereby placed upon these two groups of people, both groups comprising, under these circumstances, the same class of taxpayers. Although the rate of tax is the same in both cases, by virtue of its being applied for divergent periods of time, the actual percentage of tax as imposed upon the earnings of each group is different. There is no rational or reasonable explanation or basis for this disparity. That being the case, we determine that the imposition of this tax for the initial tax year of 1980 is in violation of Art. 8, §1, the Uniformity Clause, of the Pennsylvania Constitution.

## ORDER

And now, July 21, 1980, it is hereby ordered, directed and decreed that the taxes as imposed by Buckingham Township Ordinances Nos. 10-71 and 4-80 for any portions of the calendar year 1980 are declared to be void and of no effect; The imposition of such taxes, however, for all subsequent years is declared to be valid.