Remy FENIELLO and Anne Feniello,
his wife, Plaintiffs,

v.

UNIVERSITY OF PENNSYLVANIA
HOSPITAL, a corporation of the Com-
monwealth of Pennsylvania, Defendant.

Civ. A. No. 81–0832.

United States District Court,
D. New Jersey.

March 23, 1983.

Stockman, Smithson, O'Donnell & Sypek,
P.A. by Gerald R. Stockman, Trenton, N.J.,
for plaintiffs.

Duane, Morris & Heckscher by James J.
McCabe (argued), Philadelphia, Pa., for de-
fendant.

Moss, Powers & Lezenby by William R. Powers, Jr., Moorestown, N.J., for defendant.

## OPINION

COHEN, Senior District Judge:

This medical malpractice action is presently before this Court on defendant's motion for summary judgment, pursuant to Fed.R.Civ. 56, challenging the Court's jurisdiction over the matter.

Plaintiffs, Remy and Anne Feniello, New Jersey residents, have instituted this action against the University of Pennsylvania Hospital (HUP), a Pennsylvania nonprofit institution, for damages for personal injuries suffered by Mr. Feniello allegedly as a result of the medical malpractice of the agents and employees of HUP. The hospital asserts that the New Jersey Charitable Immunity Act, N.J.Stat.Ann. §§ 2A:53A–7 and 8 (West Supp.1982)[1] applies to the instant action and limits plaintiffs' recovery against the hospital to $10,000.00. Since plaintiffs are unable to collect in excess of $10,000.00, HUP argues that the jurisdictional requirements of 28 U.S.C.A.

§ 1332(a) (West Supp.1982)[2] are not met. *Oikarinen v. Alexian Brothers,* 342 F.2d 155 (3d Cir.1965) (per curiam). Consequently, there exists no basis for jurisdiction in the federal courts.

Plaintiffs maintain that the New Jersey Charitable Immunity Act applies only to New Jersey institutions and cannot limit the liability of a Pennsylvania hospital such as HUP. Moreover, plaintiffs contend that the instant motion is barred by the doctrine of collateral estoppel because the identical issue was decided against the defendant in *Prince v. Trustees of University of Pennsylvania,* 282 F.Supp. 832 (E.D.Pa.1968).

This Court has concluded, for the reasons set forth below, that although HUP is not barred by the doctrine of collateral estoppel from raising the instant motion, such motion must be denied.

The question of whether the liability limitations set forth in the New Jersey Charitable Immunity Act apply to HUP was previously addressed by the Federal District Court for the Eastern District of Pennsylvania in *Prince.* Plaintiff's decedent in

1. 2A:53–7. Nonprofit corporations and associations organized for religious, charitable, educational or hospital purposes, liability for negligence.

No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefaction of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence.

2A:53A–8. Liability to beneficiary suffering damages not exceeding $10,000.

Notwithstanding the provisions of the foregoing paragraph,[1] any nonprofit corporation, society or association organized exclusively for hospital purposes shall be liable to respond in damages to such beneficiary who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants to an amount not exceeding $10,-000.00, together with interest and costs of suit, as the result of any 1 accident and to the extent to which such damage, together with interest and costs of suit, shall exceed the sum of $10,-000.00 such nonprofit corporation, society or association organized exclusively for hospital purposes shall not be liable therefor.

[1] Section 2A:53A–7.

2. § 1332. Diversity of citizenship; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,-000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

that case, a New Jersey resident, died in the University of Pennsylvania Hospital allegedly as a result of negligent treatment he received there years before. HUP moved to dismiss the action for lack of subject matter jurisdiction, citing the New Jersey statute. The hospital argued that under conflict of law principles, the law of New Jersey applied and, therefore, the New Jersey Charitable Immunity Act limited plaintiff's recovery against HUP to $10,000.00.

The Court applied Pennsylvania's conflict of law rules and held that because Pennsylvania had the greatest interest in the outcome of the suit, Pennsylvania law and not the law of New Jersey controlled. *Id.* at 836. In dicta, the Court added that even if New Jersey law was employed, the New Jersey Charitable Immunity Act could not be interpreted to extend protection to a Pennsylvania hospital. *Id.*

> [I]t cannot seriously be argued that the New Jersey statute was meant to limit recovery to one of its own domiciliaries from an out of state hospital having no real connection with New Jersey.
>
> The New Jersey statute in question was obviously intended to protect New Jersey charities from verdicts in excess of $10,000. Although it is true that the statute speaks in terms of *any* charitable corporation, it is clear that New Jersey was only empowered to legislate with respect to *New Jersey* charities.

*Id.* at 836–37.

■ Plaintiff contends that the Court's finding in *Prince* that the New Jersey statute offered HUP no limitation on its liability collaterally estops HUP from raising that issue in this Court. Collateral estoppel has been defined as that branch of *res judicata* which bars relitigation of any issue which was actually determined in a prior action involving a different claim or cause of action. *State v. Gonzalez,* 75 N.J. 181, 186, 380 A.2d 1128, 1130 (1977). If a party is precluded from relitigating an issue with an opposing party, he is also precluded from doing so with another person unless the party lacked a full and fair opportunity to

litigate the issue in the first action or unless other circumstances justify affording him the opportunity to relitigate the issue. *United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co.,* 74 N.J. 92, 101, 376 A.2d 1183, 1188 (1977). At least four elements must be satisfied before an order in a former action can be given collateral estoppel effect in a later proceeding: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. *Haize v. Hanover Ins. Co.,* 536 F.2d 576, 579 (3d Cir.1976).

■ In *Prince,* the district court initially held that under Pennsylvania's conflict of law rules, the substantive law of that state applied to the action. 282 F.Supp. at 836. Any conflict of law question decided by this Court, however, must be analyzed under the New Jersey conflict of law rules. *Klaxton Co. v. Stentor Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, in terms of choice of law, the issue presented to· this Court is necessarily different from the one decided in *Prince.*

■ In addition, the *Prince* court only addressed the question of whether the New Jersey Charitable Immunity Act applied to HUP after finding that Pennsylvania law controlled. Since the latter determination was not essential to the ultimate judgment in *Prince,* it cannot now be asserted to preclude HUP from raising the issue of the statute's applicability in this proceeding.

■ Unlike the District Court in *Prince,* this Court finds it unnecessary to resolve the conflict of law question because we hold that even assuming, for the purposes of this motion, that the substantive law of New Jersey controls the outcome of this litigation, the limitation on recovery against nonprofit hospitals set forth in N.J.Stat.Ann. § 2A:53A–8 is inapplicable to HUP.

■ We are aware that the statute does not, by its language, specifically limit its reach to New Jersey institutions. How-

ever, there is no suggestion in the statute, or its legislative history, that the New Jersey legislature ever intended to indemnify charitable institutions operating wholly outside of the state. Moreover, as a matter of statutory construction, it is elementary that laws enacted by a state legislature must be assumed to apply only to institutions which are either incorporated in or located within that state. Liberal construction of the statute which is prescribed by N.J.Stat.Ann. § 2A:53A–10 does not alter this assumption.

In addition, "New Jersey would have no prevalent policy consideration of protecting a foreign corporation from suit when the state of incorporation does not grant that protection." *Wuerffel v. Westinghouse Corporation,* 148 N.J.Super. 327, 335, 372 A.2d 659, 663 (Law Div.1977). In *Wuerffel,* the issue of whether the New Jersey Charitable Immunity Act applied to Drexel University was raised but never specifically decided. After balancing New Jersey's interest in granting charitable immunity to an institution against Pennsylvania's interest in demanding accountability of its corporations, the Court held that Pennsylvania law controlled because New Jersey would have no interest in applying its Charitable Immunity Act to a foreign corporation, especially at the expense of a New Jersey resident plaintiff. *Id.*

HUP maintains that there exist several policy considerations which would warrant application of the New Jersey Charitable Immunity Act to it. Primarily, defendant cites the close connections between the hospital and the state of New Jersey.[3] Due to this relationship, HUP contends that the state has a significant interest in applying the immunity statute to HUP in order to insure the availability of the hospital's services to New Jersey residents.

This Court has construed the New Jersey Charitable Immunity Act to apply only to New Jersey institutions. Although HUP may provide substantial services to New Jersey residents, the institution was incorporated in Pennsylvania and performs all of its functions therein. Any connection between HUP and New Jersey which does not include incorporation or operation within the state is insufficient to bring the hospital under the purview of the statute.[4]

Contrary to defendant's assertion, our decision in this matter will not result in the denial to the hospital of equal protection of law. HUP argues that the decision of *WHYY v. Glassboro,* 393 U.S. 117, 120, 89 S.Ct. 286, 287, 21 L.Ed.2d 242 (1968) (per curiam) in which the Court held that a New Jersey statute which denied a tax exemption to nonprofit corporations operating in New Jersey but incorporated elsewhere is analogous to the case at bar.

*WHYY,* however, is factually distinguishable from the instant case because HUP is not only incorporated outside of New Jersey but it also conducts all of its business activities outside of that state. It is apparent from the language in *WHYY* that the holding in that case did not extend to organizations which have no facilities in New Jersey. Indeed, as indicated in *Prince,* it is doubtful that New Jersey has authority to legislate with respect to entities operating outside of the state. 282 F.Supp. at 837.

*WHYY* was also concerned only with the state's taxing authority. The Court reasoned that once a state has permitted a foreign corporation to enter its territory, "the adopted corporations are entitled to equal protection with the state's own corporate progeny, at least to the extent that their property is entitled to an equally fa-

---

3. HUP admits a significant number of patients from New Jersey each year and is a party to referral agreements with various New Jersey hospitals. Many interns and residents of HUP participate in rotation agreements with New Jersey hospitals. HUP also receives significant financial support from New Jersey donors. (*See,* affidavit of Arthur H. Piper, Associate Comptroller, January 26, 1983).

4. This reasoning also supports our rejection of defendant's claim that HUP's minimum contacts with New Jersey which render it subject to the Court's *in personam* jurisdiction also warrant its coverage under the statute.

vorable *ad valorem* tax basis." 393 U.S. 119, 89 S.Ct. at 287 (citations omitted). There is no indication in the opinion that the same ruling would apply to the state's power to grant a corporation limited immunity from tort liability.

For the reasons set forth above, we hold that the New Jersey Charitable Immunity Act does not apply to the University of Pennsylvania Hospital. Consequently, defendant's motion for summary judgment must be denied. The Court shall prepare an appropriate order to be filed with this opinion.