**LEBANON VALLEY FARMERS BANK, Petitioner**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent**

Commonwealth Court of Pennsylvania.

Argued June 9, 2008.

Decided Feb. 12, 2009.

Michael J. Semes and Robert P. Harrill, Philadelphia, for petitioner.

John J. Butchar, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, SMITH–RIBNER, Judge, McCLOSKEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Lebanon Valley Farmers Bank (Farmers Bank) petitions for review of the order of the Board of Finance and Revenue (Board), affirming the denial of its petition for refund of a portion of its 2002 Bank and Trust Company Shares Tax (Shares Tax).[1]

■ Prior to discussing the factual history of the case, we note that the Shares Tax, set forth in Article VII of the Tax Reform Code (Tax Code),[2] is imposed on the taxable amount of a banking institution's shares of capital stock.[3] As our Supreme Court noted in *Allfirst Bank v. Commonwealth*, 593 Pa. 631, 641–42, 933 A.2d 75, 81 (2007), the tax is based "on the book value of the bank's net assets (adjusted to deduct value attributable to United States obligations)." Thus, the tax is a property tax, which is imposed on the taxable amount of shares at the rate of 1.25%. Section 701, 72 P.S. § 7701. An average share value is used to calculate the tax base each year; the average is determined from the current year share value and the share values for the preceding five years. Section 701.1(a),[4] 72 P.S. § 7701.1(a). However, if an institution has not been in existence for six years, "the taxable amount of shares shall be ascertained and fixed by adding together the [share values determined under this section] for the number of years the institution has been in existence and dividing the resulting sum by such number of years." *Id.*[5]

---

1. Farmers Bank filed its petition for refund in March 2005.

2. Act of March 4, 1971, P.L. 6, *as amended.* The Shares Tax is set forth in Tax Code Sections 701 through 706, 72 P.S. §§ 7701–7706.

3. Banking institutions are exempt from corporate net income, capital stock and franchise taxes. *See* Tax Code Sections 402(c) and 602(i), 72 P.S. §§ 7402(c), 7602(i). *See also Allfirst Bank v. Commonwealth*, 593 Pa. 631, 933 A.2d 75 (2007).

4. Section 701.1 was added by the Act of December 17, 1982, P.L. 1385. Various provisions of the Shares Tax, including Section 701.1, were amended in July 2007. *See* the Act of July 25, 2007, P.L. 373 (Act No. 55). The amendments are not relevant to the instant appeal.

5. For purposes of the instant appeal, the Shares Tax provided that the value for each year is calculated by "adding together the book value of capital stock paid in, the book value of the surplus, and the book value of undivided profits with a deduction from the total thereof of an amount equal to the same percentage of such total as the book value of obligations of the United States bears to the

The instant appeal challenges application of Section 701.1(c)(2), 72 P.S. § 7701.1(c)(2), referred to as the "combination provision," which provided at the time:

[T]he combination of two or more *institutions* into one shall be treated as if the constituent institutions had been a single institution in existence prior to as well as after the combination and the book values and deductions for United States obligations from the Reports of Condition of the constituent institutions shall be combined. For purposes of the preceding sentence, a combination shall include any acquisition required to be accounted for by the surviving institution under the pooling of interest method in accordance with generally accepted accounting principles or a statutory merger or consolidation.

[Emphasis added]. In order to be deemed an "institution" for purposes of the Shares Tax, including the calculation of share value, a bank must have contacts with Pennsylvania. Specifically, Section 701.5,[6] 72 P.S. § 7701.5, defines an "institution" as "every bank operating as such and having capital stock which is incorporated under any law of this Commonwealth, under the law of the United States or under the law of any other jurisdiction and is located within this Commonwealth." *See also First Union Nat'l Bank v. Commonwealth,* 867 A.2d 711 (Pa.Cmwlth.), *exceptions dismissed,* 885 A.2d 112 (Pa.Cmwlth. 2005), *aff'd,* 587 Pa. 507, 901 A.2d 981

(2006) (holding that, in calculating share value under the combination provision, Department erred in using the six-year averaging method to determine the share value of a bank that had no pre-merger contacts with Pennsylvania because a foreign bank was not an "institution" for purposes of the Shares Tax).[7]

■ Turning to the instant case, in 1998, Lebanon Valley National Bank merged into and with Farmers Trust Bank, with the resulting institution adopting the name Lebanon Valley Farmers Bank. Pre-merger, both banks had offices in Pennsylvania and were subject to the Shares Tax. Farmers Bank calculated its 2002 taxes utilizing the combination provision, thereby combining the book values for both institutions. Thereafter, based upon *First Union,* Farmers Bank sought a refund for the amount of taxes paid (approximately $113,000) in connection with the inclusion of the merger-year share value of Lebanon National Bank. In doing so, Farmers argued that the combination provision, which differentiates between a merger with a bank subject to the Shares Tax from a merger with a bank that was not subject to the Tax, violates the Uniformity Clause. The Board of Appeals denied the requested refund, as did the Board of Finance and Revenue. The present petition followed.

On appeal, Farmers Bank reiterates its argument that the combination provision violates the Uniformity Clause[8] and the

book value of total assets." Section 701.1(b), 72 P.S. § 7701.1(b). The taxable amount of shares may be apportioned if the institution is also subject to tax in another state. Section 701.4, added by the Act of June 16, 1994, P.L. 279, 72 P.S. § 7701.4 (setting forth apportionment formula).

6. Section 701.5 was added by the Act of June 16, 1994, P.L. 279.

7. We note that Section 14 of Act No. 55 of 2007 provides that, " '[t]he amendment of

section 701.1 of the act [72 P.S. § 7701.1] is not intended to reverse or modify the ruling of *First Union National Bank v. Commonwealth,* 867 A.2d 711 (Pa.Cmwlth.2005).' " Historical and Statutory Notes to Section 701.1 of the Shares Tax (quoting Section 14 of the Act of July 25, 2007, P.L. 373).

8. The Uniformity Clause, set forth in Article VIII, section 1 of the Pennsylvania Constitution, provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the

Equal Protection Clause of the United States Constitution. According to Farmers Bank, there is no rational basis for giving a tax preference to institutions that combine with a foreign bank that did not conduct business in Pennsylvania prior to the merger. Farmers further avers that the combination provision improperly distinguishes between Pennsylvania and foreign entities.

 With respect to uniformity challenges, this court has observed that the Uniformity Clause requires that tax classifications be reasonable and be applied uniformly upon similar kinds of business or property such that substantial equality of the tax burden falls on all members of the class. *Fidelity Bank, N.A. v. Commonwealth*, 165 Pa.Cmwlth. 524, 645 A.2d 452 (1994). Therefore, if the formula or method of tax calculation, by operation or effect, produces arbitrary, unjust, or unreasonably discriminatory results, the constitutional requirement of uniformity is violated. *Equitable Life Assurance Soc. v. Murphy*, 153 Pa.Cmwlth. 338, 621 A.2d 1078 (1993). However, if there is a "legitimate distinction between the classes that provides a non-arbitrary and reasonable and just basis for the difference in treatment, the tax legislation is to be upheld." *Concentric Network Corp. v. Commonwealth*, 897 A.2d 6, 11 (Pa.Cmwlth.2006), *aff'd*, 592 Pa. 26, 922 A.2d 883 (2007) (internal citation and quotations omitted).[9]

 It bears noting that, in general, due to constitutional constraints on a state's jurisdictional ability to tax assets of foreign corporations, foreign and domestic entities often cannot be taxed identically. *See generally Columbia Gas Transmission Corp. v. Commonwealth*, 468 Pa. 145, 360 A.2d 592 (1976). Accordingly, appor-

tionment formulas have been adopted with the goal of avoiding any improper taxation of value earned beyond Pennsylvania's borders. *See generally Unisys Corp. v. Commonwealth*, 571 Pa. 139, 812 A.2d 448 (2002). *See also* Sections 401, 602, and 701.4 of the Tax Code, 72 P.S. §§ 7401, 7602, and 7701.4 (providing for apportionment for purposes of the corporate net income, capital stock-franchise and shares taxes, respectively). Finally, because the legislature has wide discretion in the area of taxation, any challenger bears the heavy burden of demonstrating that the tax classification is unreasonable and "clearly, palpably and plainly violates the Constitution." *Concentric Corp.*, 897 A.2d at 11 (quotations and citation omitted).

To begin, contrary to the Commonwealth's position, *First Union* does not resolve the issue raised in this appeal, because the constitutionality of the combination provision was not addressed in that case. In *First Union*, three banks merged—CoreStates, North Bank and South Bank. Prior to the merger, CoreStates and North Bank engaged in business in Pennsylvania; South Bank did not. In computing its average share value and the tax associated therewith, North Bank combined its six-year average value with the six-year average value of CoreStates and the *post-merger* value of South Bank. The Department recalculated North Bank's tax liability by including the *pre-merger*, six-year average value for South Bank. On appeal to this court, North Bank argued that South Bank was not an "institution" as defined by the Code because it had not engaged in business in Pennsylvania. Therefore, North Bank contended that the combination provision did not apply and it

---

tax, and shall be levied and collected under general laws."

9. The analysis under the Uniformity Clause and the Equal Protection Clause of the United States Constitution is generally the same. *Concentric Corp.*, 897 A.2d at 11.

was not required to include South Bank's pre-merger, six-year average share value in calculating its tax liability. This court, engaging purely in statutory construction, agreed. We concluded that the definition of "institution" was unambiguous, precluding the use of a six-year average which included pre-merger values where the merged bank had no prior contacts with Pennsylvania. Accordingly, we held that the Department erred in requiring North Bank to include South Bank's pre-merger value in calculating its average share value. In doing so, we specifically declined to address whether inclusion of South Bank's pre-merger book values would have violated the United States Constitution on due process and commerce clause grounds. *First Union*, 867 A.2d at 716 n. 15.

We also disagree with Petitioner's interpretation of *First* Union. While *First Union* clearly precludes the inclusion of the six-year average *pre-merger* share value of an out-of-state bank when determining the share value of the surviving institution, *First Union* does not, as Farmers Bank suggests, prohibit the inclusion of the post-merger or merger year share value for the out-of-state entity. Indeed, inclusion of the out-of-state entity's post-merger share value is necessary because the tax is imposed on the combined post-merger institution. As the Commonwealth notes in its appellate brief:

> Petitioner's [argument] gives the impression that no value is included from an entity which was out-of-state when it merge[d] into an in-state institution. That is not true. All *post-merger* value of that entity is included.... That value may or may not differ from the entity's value if averaged with its pre-merger

value. The only thing lost from the calculation is the averaging of value from years that were beyond the jurisdiction of the Commonwealth.

Respondent's brief at 12–13.

In other words, the proper treatment of the merger of an in-state institution and an out-of-state bank for share tax purposes combines the six-year average value of the in-state institution with the post-merger value [10] of the out-of-state bank. Thus, it taxes the full value of the current year's shares of the merged entity, but avoids any potential commerce clause issues. Thus understood, it becomes clear that use of only the post-merger share value of an out-of-state entity for purposes of the combination provision is revenue neutral. That is, it may be either advantageous or disadvantageous to the taxpayer depending upon whether the value of the out-of-state bank has increased or decreased over the six-year period ending with the merger year.

Accordingly, Farmers Trust has failed to demonstrate that the combination provision as applied results in arbitrary or discriminatory tax treatment and the order of the Board is affirmed.

### *ORDER*

AND NOW, this 12th day of February, 2009, the order of the Board of Finance and Revenue in the above-captioned matter is hereby AFFIRMED. Judgment shall become final unless exceptions are filed within thirty days of this order pursuant to Pa. R.A.P. 1571(i).

---

10. This will be the current value in the merger year, a two-year average in the second year, and so on. Essentially, the out-of-state bank is treated in the same manner as an institution that has not been in existence for six years. *See* Section 701.1(a). It will *not* be a six-year average in which the value of the out-of-state bank is counted as $0 for pre-merger years.